█ Louis Miller et al., Respondents, v William W. Wells, Appellant. —Appeal from an order of the Supreme Court at Special Term, entered September 27, 1976 in Schenectady County, which denied defendant's motion to dismiss plaintiff's complaint on the ground that the Statute of Limitations had expired prior to institution of suit. This is an action for medical malpractice. The gravamen of plaintiff's complaint is that the defendant negligently prescribed the drug methatrexate for treatment of her psoriasis condition, which caused a rupturing of her intestines, gangrene, deterioration of the gallbladder and diverticulitis of the colon, requiring her to undergo surgery. It is undisputed that suit was commenced on July 30, 1973 by delivery of the summons to the Sheriff of Schenectady County who served the defendant on August 28, 1973 (CPLR 203, subd [b], par 5). The defendant moved to dismiss the complaint on the ground that the three-year Statute of Limitations had expired prior to the commencement of the instant action (CPLR 214, subd 6). The motion was denied on the ground that a question of fact existed as to whether "the defendant continued to consult with [the plaintiff] and prescribed medication by phone into August, 1970". Subsequently examinations before trial of both parties were taken. The defendant contended that plaintiff returned to his care in 1963, at which time he prescribed the drug methatrexate for treatment of plaintiff's psoriasis, but that the last time he had seen her, or spoken to her, or prescribed medication for her was on April 13, 1970 when he gave her an eight-week supply of the drug methatrexate. He admitted, however, that the plaintiff had contacted his office on May 6, 1970 to cancel a June 8, 1970 appointment. The plaintiff, on the other hand, contended in her examination before trial that she had a telephone conversation with the defendant in August, 1970 during which she told defendant that she wanted treatment for psoriasis, but that she had been advised by another doctor not to go back on methatrexate. The defendant responded that he would discontinue his treatment of plaintiff is she refused to stay on methatrexate. That was the last episode in the relationship between the plaintiff and the defendant until the commencement of the instant action. On the basis of the examinations before trial, the defendant moved for leave to renew his motion to dismiss (CPLR 2221) contending that even assuming the truth of the plaintiff's factual allegations, the Statute of Limitations had expired prior to the commencement of the instant action. The defendant's motion to dismiss was again denied on the ground that "there is a jury question as to whether the course of treatment continued past July, 1970". The order appealed from should be affirmed and the case remitted for trial limited solely to the Statute of Limitations issue (see *Fonda v Paulsen,* 46 AD2d 540). We hold that if the factual allegations of plaintiff are credited by the trier of facts, the trier of facts could reasonably conclude that the defendant began rendering his medical services to the plaintiff regarding plaintiff's psoriasis in 1963 and did not stop rendering those medical services until the conclusion of the August, 1970 telephone conversation *(Davis v City of New York,* 38 NY2d 257; *Fonda v Paulsen, supra).* If the defendant did not stop rendering his medical services to the plaintiff regarding her psoriasis condition until August, 1970, the instant suit which was commenced on July

30, 1973 is timely under the then applicable three-year Statute of Limitations (CPLR 214, subd 6; *Borgia v City of New York,* 12 NY2d 151). Assuming the truth of the plaintiff's allegations, as we must on this appeal, we hold that the Statute of Limitations did not begin to run until the conclusion of the August, 1970 telephone conversation regardless of the fact that plaintiff was in no way injured by the defendant's negligent act of advising the plaintiff during that telephone conversation to continue taking the drug methatrexate *(Borgia v City of New York, supra).* Order affirmed, with costs. Kane, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.