OPINION OF THE COURT
Roger J. Miner, J.
Contending that the causes of action pleaded against him are barred by the Statute of Limitations requirement that medical malpractice suits be commenced within two years and six months of the last treatment, defendant McGuigan moves for dismissal of the captioned action. (CPLR 214-a.) According to the bill of particulars served by plaintiffs, the movant furnished actual medical treatment to plaintiff Geraldine Bull over a period commencing in November of 1969 and ending on January 10, 1977. The precise nature of the treatment is not apparent from the papers furnished to the court. The action was commenced by service of a summons on July 23, 1979.
After January 10, 1977, the movant was on sick leave and did not see or treat Mrs. Bull. On March 16, 1977, Mrs. Bull went to movant’s office, although she had been advised previously that movant was absent from his practice. At the office, Mrs. Bull claims that movant’s secretary directed her to the Mental Health Clinic in Amsterdam and to a certain Dr. Spence. Accordingly, *432 plaintiffs claim that the physician-patient relationship did not terminate until March 16, 1977 and that there was a course of continuous treatment until that time.
The plaintiffs’ contention is rejected and the motion will be granted. Assuming that there was a course of continuous treatment, the movant did not furnish any treatment after January 10, 1977, and the Statute of Limitations became a bar on July 10, 1979. Mrs. Bull’s visit to movant’s office and her discussion with a secretary on March 16, 1977 were not related to treatment by movant. (Davis v City of New York, 38 NY2d 257.) Miller v Wells (58 AD2d 954), cited by movant, is inapposite. In that action the plaintiff had a telephone conversation with the physician himself subsequent to the last visit and treatment. Also to be distinguished is Dickey v County of Nassau (65 AD2d 780), where the plaintiff was given an appointment to return to a health clinic for further treatment for her pregnancy. On the date of the appointment, she called the clinic regarding an apparent abnormality in the pregnancy and was advised to go to a hospital, where she suffered a miscarriage. The court held that the clinic’s advice was professional in nature and demonstrated that the patient was still under treatment. Here, the plaintiff had no appointment to return for treatment by movant and was given no professional advice regarding any specific condition by movant’s secretary.