## THIRD DEPARTMENT, DECEMBER, 1980

### (December 2, 1980)

■ LOUIS MILLER et al., Respondents, v WILLIAM W. WELLS, Appellant.—Motion to resettle an order of this court dated February 27, 1978, treated as an application to clarify the decision dated July 28, 1977 (58 AD2d 954) granted, without costs, and the decision amended by deleting the language that the case should be remitted for a trial limited solely to the Statute of Limitations issue. That issue should be tried as one of the factual questions at trial. Mahoney, P. J., Kane, Main and Herlihy, JJ., concur.

### (December 4, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GAYLE, Also Known as LEON WAITERS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered April 21, 1978, upon a verdict convicting defendant of the crime of robbery in the first degree. On May 3, 1979, this court affirmed the judgment of the County Court of Broome County (People v Gayle, 70 AD2d 788). On June 27, 1979, a certificate denying leave to appeal to the Court of Appeals was signed by the Honorable Hugh R. Jones. By order dated April 21, 1980, the Supreme Court of the United States granted the petition for a writ of certiorari, vacated the judgment of conviction and remitted the matter to this court for further consideration in light of Payton v New York (445 US 573). In People v Graham (76 AD2d 228), we declined to apply the proscription of Payton v New York retroactively. We are, therefore, constrained to deny retroactive application of the Payton rule in the case at bar. In any event, the exigencies of the situation mandated that the police dispense with the warrant requirement. The investigating officers were dealing with a recent crime with an urgency to locate and discover the instrumentalities and fruits of that crime. More importantly, a threat to the public and police was created by the presence of the second suspect in the motel room armed with the sawed-off shotgun, which had been used in the robbery. Furthermore, it was necessary to enter the motel room in order to eliminate the possibility that the occupant would destroy the drugs which were taken in the robbery. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney and Mikoll, JJ., concur.