Timothy GILES, Appellant,

v.

SANFORD MEMORIAL HOSPITAL AND NURSING HOME, et al., Respondents,

James T. Young, M.D., et al., Defendants,

Friendship Ambulance Service, Respondent.

No. CX–85–252.

Court of Appeals of Minnesota.

July 30, 1985.

John C. DeMoss, Minneapolis, for appellant.

Audrey A. Zibelman, James R. Gowling, Geraghty, O'Loughlin & Kenney, St. Paul, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

This is an appeal from the dismissal of a medical malpractice action as barred by the statute of limitations. We affirm.

### FACTS

Appellant Timothy Giles injured his back in a stock-car racing accident on April 24, 1982. He was taken by ambulance to the emergency room at Sanford Memorial Hospital, where Dr. Milan Schmidt recommended continued hospitalization. Schmidt did not perform a physical examination or personally treat Giles.

Dr. James Klotter examined Giles when he was admitted on April 24 and followed his case until his discharge on April 28. Klotter saw Giles again on May 5, 1982, for follow-up care at the Rivers Edge Medical Clinic in Farmington. Klotter took x-rays, put a brace on Giles' back, and informed Giles that his back would eventually heal.

Klotter had no further contact with Giles until Giles telephoned him on November 2, 1982. Giles says he told Klotter that he would be in the hospital for about two weeks and wanted Klotter to write a letter stating that Giles had been released from his care on August 18, 1982, and that Dr.

Aaron of Abbott Northwestern Hospital had undertaken his care. Giles had consulted Aaron about back pain on October 11, 1982.

Dr. James T. Young also examined Giles during this time period and provided care and treatment between April 24 and August 2, 1982.

Giles served a summons and complaint on Sanford Memorial Hospital on October 4, 1984, on Klotter and Schmidt on October 5, 1984, and on Young on October 11, 1984. He alleges that the doctors negligently failed to diagnose the extent of his back injuries because they did not use a CT-scan and consequently failed to properly treat his injuries, causing him permanent pain and disability.

The trial court dismissed the action against all the defendants as barred by the two-year statute of limitations for medical malpractice actions. *See* Minn.Stat. § 541.-07 (1984). Specifically, the trial court found that treatment by Young ceased August 2, 1982; treatment by Sanford Memorial Hospital ceased April 28, 1982; treatment by Klotter ceased May 5, 1982; and treatment by Schmidt ceased April 24, 1982. Giles appeals the dismissal, contending that the November 2, 1982, phone call brought the action against Klotter within the statute of limitations and that all the defendants fraudulently concealed his condition so as to toll the statute of limitations.

### ISSUE

1. Could a jury have reasonably found that Klotter's treatment of Giles ceased with the November 2, 1982, telephone call?

2. Was the statute tolled on the ground of fraudulent concealment?

### ANALYSIS

#### I

▇ An action for medical malpractice is barred if not commenced within two years of the date on which the cause of action accrued. Minn.Stat. §§ 541.01, .07(1)

(1984). The cause of action accrues when the physician's treatment for a particular condition ceases. *Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.*, 291 Minn. 145, 190 N.W.2d 77 (1971). Giles contends that summary judgment was improper because a jury could reasonably have concluded that Klotter's treatment did not end until the November 2, 1982, phone call.

Three factors are considered in determining when treatment ceases: (1) whether there is a relationship between physician and patient with regard to the illness; (2) whether the physician is attending and examining the patient; and (3) whether there is something more to be done. *Grondahl v. Bulluck*, 318 N.W.2d 240, 243 (Minn.1982) (quoting *Schmit v. Esser*, 183 Minn. 354, 358–59, 236 N.W. 622, 625 (1931)). Disputed questions of material fact on the application of the statute of limitations are for the jury. *Schmit v. Esser*, 183 Minn. at 359, 236 N.W. at 625.

The evidence is undisputed that except for the November 2, 1982, phone call, Giles' relationship with the Sanford Memorial Hospital doctors ended more than two years before he sued. The Minnesota Supreme Court has determined that telephone consultations may constitute proof of a continuing physician-patient relationship and evidence that the physician is attending and examining the patient. *See, e.g., Grondahl v. Bulluck*, 318 N.W.2d at 243.

In *Grondahl* the physician treated the patient in his office for what he diagnosed as multiple sclerosis from 1971 until September 30, 1975. Telephone consultations continued during 1976, and the patient's condition worsened. On February 5, 1977, the patient called to complain about a balance problem. She claimed the doctor told her to forget her problem and it would go away. The *Grondahl* court held that the jury "might reasonably conclude, on Mrs. Grondahl's evidence, that Dr. Bulluck began treating her * * * in February 1971 and did not cease treating her until the February 5, 1977, telephone conversation,

thus bringing the suit within the applicable statute of limitations." *Id.* at 244.

The *Grondahl* court relied on *Johnson v. Winthrop Laboratories*, 291 Minn. 145, 190 N.W.2d 77 (1971), in which a dermatologist treated a patient periodically from 1954 through March 23, 1964, when he advised her in a telephone conversation to consult her family physician for treatment and noted on his chart that he was returning her to the family physician's care. *Id.* at 147–48, 190 N.W.2d at 79. Although the patient returned to the doctor irregularly in 1967–68, the court found that his treatment ceased as of the phone call returning her to the care of her family physician.

The *Grondahl* court also relied on *Miller v. Wells*, 58 A.D.2d 954, 397 N.Y.S.2d 183 (1977). There the court said the trier of fact could reasonably conclude that the last episode in a physician-patient relationship was a telephone call in which the patient purportedly told her doctor she wanted treatment from him but had been told by another doctor not to use a drug the defendant doctor had prescribed, and the doctor responded that he would discontinue his treatment of the patient if she refused to take the drug. *Id.* at 954, 397 N.Y.S.2d at 184.

In contrast to the telephone calls in *Johnson, Grondahl,* and *Miller,* Giles did not discuss medication or treatment with Klotter over the telephone and received no advice. The call merely requested a release letter and informed Klotter that Giles, on his own initiative, had changed physicians. A jury could not reasonably find the telephone call to be part of a continuing physician-patient relationship or evidence that Klotter was "attending and examining" Giles. The statute of limitations therefore bars the claim against Klotter.

## II

Alternatively, Giles contends that the failure to use a CT-scan to diagnose his back problem was such a gross deviation from accepted medical standards that it

amounts to a fraud tolling the statute of limitations until his October 11, 1982, consultation with Aaron. Although Minnesota has rejected a "discovery rule" for medical malpractice cases, *see Johnson,* 291 Minn. at 151, 190 N.W.2d at 81, a "limited exception" is made if the physician fraudulently conceals the cause of action. *Murray v. Fox,* 300 Minn. 373, 379, 220 N.W.2d 356, 360 (1974); *Johnson,* 291 Minn. at 150–51, 190 N.W.2d at 81. Giles presented no evidence of fraudulent concealment and no evidence that any failure to use CT-scan equipment went beyond negligence. In addition, even if Giles did not learn of his cause of action until his initial consultation with Aaron, that consultation occurred almost two years before the statute of limitations expired. No action by the Sanford Memorial Hospital doctors prevented Giles from suing within the statute of limitations period.

## DECISION

We affirm the trial court's dismissal of Giles' medical malpractice action as barred by the statute of limitations.

Affirmed.