ALFRED J. HILL *vs.* JOHN L. TOWNLEY Administrator, and others.

January 2, 1891.

Mortgage Foreclosure—Limitation.—An action to foreclose a mortgage does not fall within the provisions of Gen. St. 1878, c. 66, § 18.

Same—Parties—Heirs and Executor of Deceased Mortgagor — Recovery of Deficiency.—The heirs of a deceased mortgagor are necessary parties to such an action in this state, and the administrator or executor is a proper party; but no judgment for a deficiency can be rendered against such parties as defendants in the action. The personal claim for the mortgage debt or deficiency must be presented for allowance in the course of administration in the probate court.

Same—Limitation—Non-Resident Defendants.—Under Laws 1887, c. 69, the statute of limitations applies to non-resident as well as resident parties defendant, and also to mortgages executed before the passage of that act. It took effect by its terms at the expiration of six months after its passage, and is constitutional.

Same—Claim for Taxes Paid.—If the debt secured by the original lien is barred by the statute, a claim of the mortgagee for taxes paid on the mortgaged premises cannot thereafter be enforced against the premises.

Appeal by plaintiff from an order of the district court for Ramsey county, *Otis,* J., presiding, sustaining a demurrer to the complaint.

*F. W. Zollman* and *John H. Ives,* for appellant.

*Geo. N. Baxter* and *John L. Townley,* for respondents.

VANDERBURGH, J. This action is brought against the administrator and heirs of Samuel J. Potter, deceased, to foreclose a mortgage executed by him to plaintiff in the year 1858, to secure a note for $100, payable six months from date. Potter was then a resident of this state, but thereafter removed therefrom, and died in Texas in 1867.

1. The heirs are, in such case, necessary parties to the action to foreclose the mortgage in this state, but the administrator is not a necessary party thereto, though, by reason of his relation to the estate, he is a proper party. The land descended to the heirs on the death of the ancestor, subject to the payment of debts in due course

of administration; but the personal representatives take no title or interest therein, save only the right to the possession for the purposes of administration. *Noon* v. *Finnegan*, 29 Minn. 418, (13 N. W. Rep. 197.) A foreclosure sale, in an action against the administrator only, would therefore convey no title to the purchaser, though it might amount to an equitable assignment to him of the mortgage security. *Stark* v. *Brown*, 12 Wis. 572. The lien of the mortgage, and the right to foreclose the same, is not affected by the decease of the mortgagor or the proceedings to administer his estate, but no judgment for a deficiency in a suit to foreclose the same can be rendered against the heirs or personal representatives. *Jones* v. *Tainter*, 15 Minn. 423, (512.) In some states, the executor or administrator may be joined for such purpose, and the deficiency adjudged to be paid out of the assets in due course of administration. *Leonard* v. *Morris*, 9 Paige, 90. But in this state we apprehend the claim for the debt must be presented, allowed, and enforced as other claims against the estate of the deceased mortgagor. *Commercial Bank* v. *Slater*, 21 Minn. 174; *Fern* v. *Leuthold*, 39 Minn. 212, (39 N. W. Rep. 399.) The delay in the appointment of the administrator is no legal excuse for not sooner commencing proceedings to enforce the mortgage security, and the case did not fall within provisions of Gen. St. 1878, *c.* 66, § 18.

2. By reason of the lien of the mortgage upon real property situated in the state, the court had jurisdiction to enforce the security, notwithstanding the absence from the state of the mortgagor, his heirs or assigns; and for such purpose notice by the service of the summons by publication was sufficient. Under Gen. St. 1878, *c.* 66, § 15, it was held, in *Whalley* v. *Eldridge*, 24 Minn. 358, that the running of the statute of limitations was suspended as against non-resident absentees in foreclosure actions as well as others. But it was competent for the legislature to change the rule, and establish an absolute limit within which mortgages should be foreclosed by action, provided the time fixed was reasonable. This the legislature has done by the act of 1887, *c.* 69, wherein it is provided that an action to foreclose mortgages heretofore or hereafter made shall be commenced within 15 years after the cause of action arises, "and said

fifteen years shall not be enlarged or extended by reason of any non-residence." The act was approved March 2, 1887, and by its terms did not take effect until six months thereafter. It took effect before this action was brought, however, and the defendant claims that the action was therefore barred. Assuming that the 15 years' limitation had expired when the act passed, or within the six months, the court is not at liberty to hold that the time fixed did not afford sufficient opportunity to the plaintiff to protect himself by commencing suit against the heirs. Such statutes must allow a reasonable time after they are passed for the commencement of suits upon existing causes of action, but what is a reasonable time must depend upon the sound discretion of the legislature, considering the nature of the subject and the purposes of the enactment; "and the courts will not inquire into the wisdom of the exercise of this discretion by the legislature in fixing the period of legal bar, unless the time allowed is manifestly so short as to amount to a practical denial of justice." Cooley, Const. Lim. (6th Ed.) 450. That the time fixed upon in this instance is not unreasonably short is already determined by the decisions of this court in similar cases. *Stine* v. *Bennett*, 13 Minn. 138, (153;) *State* v. *Messenger*, 27 Minn. 120, 125, (6 N. W. Rep. 457.)

Taxes paid by the mortgagee upon the mortgaged premises "may be collectible with, as a part of, and in the same manner as, the amount secured by the original lien." Gen. St. 1878, *c.* 11, § 104. If the mortgage is barred, the claim for taxes, which is merely incidental, must fall with it. *Spencer* v. *Levering*, 8 Minn. 410, (466.) The mortgagee cannot extend the time of limitation by his own act in paying the taxes for the protection of the original lien.

What remedies might have been available to the plaintiff, either to enforce the claim for the debt or a deficiency, had it been seasonably presented to the probate court, it is not necessary to consider here.

Order affirmed.