## HENRY E. BERGHUIS v. JOHN KORTHUIS.[1]

June 3, 1949.

No. 34,880.

*Lauerman & Pfeiffer,* for appellant.
*Reyerson & Comer,* for respondent.

MAGNEY, JUSTICE.

Plaintiff appeals from the order sustaining defendant's demurrer to plaintiff's original complaint and from the order sustaining defendant's demurrer to plaintiff's amended complaint. As an amended pleading supersedes the original and is to be construed as the only one interposed in the case (5 Dunnell, Dig. & Supp. § 7706), no consideration will be given to the order sustaining the demurrer to the original complaint.

---

[1]Reported in 37 N. W. (2d) 809.

The amended complaint charges that on April 14, 1946, in the village of Prinsburg, Kandiyohi county, Rosalia Berghuis, three years of age, was struck by an automobile negligently operated by defendant, and died within a few minutes thereafter. The action was brought under the death-by-wrongful-act statute. M. S. A. 573.02. The complaint also alleges that on April 8, 1948, plaintiff delivered the summons and complaint to the sheriff of Kandiyohi county for service on defendant; that on April 10, 1948, the sheriff attempted to do so by leaving a copy of said summons and complaint at the home of defendant's mother in the village of Prinsburg, and thereupon he made the usual return of service; that on May 29, 1948, and within 60 days from the commencement of the action, defendant was personally served with summons and complaint at the village of Prinsburg; that at the time of the accident, and for almost a year thereafter, defendant was a resident of Prinsburg, but that since March 1947 defendant's residence has been Kansas City, Missouri; that at the time the summons and complaint were delivered to the sheriff for service plaintiff believed that defendant's residence was in the village of Prinsburg at the home of his mother, where he resided at the time of the accident and for a long time afterward. The record shows that the individual who made the personal service on defendant on May 29, 1948, made an affidavit of personal service. The record also shows that defendant made a motion to have the purported service of April 10, 1948, quashed and set aside, which, on July 10, 1948, by order of court, was done. Defendant interposed a demurrer to both the original complaint and the amended complaint, without waiving the special appearance to set aside the service of summons and complaint made on April 10, 1948. As stated, the demurrers were sustained.

■ Section 573.02 of the so-called death-by-wrongful-act statute reads in part as follows:

"* * * The action may be commenced within two years after the act or omission."

This period fixing the time within which the right of action for wrongful death may be exercised is not an ordinary statute of limitations. It is considered a condition precedent to the right to maintain the action, and the lapse of such period an absolute bar. It conditions the right. Statutes suspending the operation of the statute of limitations under certain circumstances are inapplicable to an action for wrongful death. The above rules state the status of the law under our decisions. Rugland v. Anderson, 30 Minn. 386, 15 N. W. 676; Negaubauer v. G. N. Ry. Co. 92 Minn. 184, 99 N. W. 620, 104 A. S. R. 674, 2 Ann. Cas. 150; Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942; In re Estate of Daniel, 208 Minn. 420, 294 N. W. 465; Cashman v. Hedberg, 215 Minn. 463, 10 N. W. (2d) 388; see, also, 16 Am. Jur., Death, § 168.

Section 541.12 reads as follows:

"An action shall be considered as begun against each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him, *or is delivered to the proper officer for such service;* but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within 60 days thereafter 'the summons be actually served on him or the first publication thereof be made." (Italics supplied.)

In the instant case, the statutory two-year period expired on April 14, 1948. Unless the provisions of § 541.12 are applicable here, plaintiff's action is barred. The summons and complaint were delivered to the sheriff of Kandiyohi county on April 8, 1948—thus within two years of the accrual of the action. If the sheriff of Kandiyohi county is a "proper officer for such service," in the words of the statute, and if § 541.12 applies to an action brought under the death-by-wrongful-act statute, this action was begun within the fixed time.

The accident took place in Kandiyohi county, and at the time of the accident and for almost a year thereafter defendant was a resident of that county. When the summons and complaint were

delivered to the sheriff for service, plaintiff was of the opinion that defendant was still a resident of the county. Unless the sheriff of Kandiyohi county was "a proper officer for such service," then no such officer was to be found in the state. In our opinion, the sheriff was a proper officer under the statute. Since in our opinion the sheriff of Kandiyohi county was a proper officer for service and the summons and complaint herein were delivered for service to him on April 8, 1948, and the summons and complaint were actually served on defendant personally on May 29, 1948—within the 60 days prescribed by the statute—the condition of the statute has been complied with; and, if the statute is applicable to an action brought under the death-by-wrongful-act statute, the plaintiff is not barred. The service on May 29, 1948, was made by a constable, who made an affidavit of service and not a mere certificate and return. The statute does not say that the "proper officer for such service" to whom the summons was delivered for service must serve the summons within the 60 days after delivery to him of the same. It does not specify who may make the service, simply stating that the delivery to the proper officer for service shall be ineffectual unless within 60 days thereafter the summons be actually served on defendant, or the first publication thereof made. Here, the service was actually made within the 60 days, as evidenced by the affidavit of service.

This statute (§ 541.12) has been applied by us to actions brought under the death-by-wrongful-act statute. Plaintiff cites Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942, in support of his claim that it has been so applied. In the Bond case, deceased was killed December 5, 1911, in Pennsylvania. Pennsylvania has a one-year condition in its death-by-wrongful-act statute. On November 23, 1912, summons and complaint were delivered to the sheriff of Hennepin county for service. On the same day, his return of "could not be found" and the summons and complaint were filed. Also, on the same day garnishment proceedings were instituted. On November 30, 1912, an affidavit for constructive service was filed. On December 20, 1912, summons and complaint were served on the defendant in Pennsylvania. If the suit was commenced when the

summons and complaint were placed in the hands of the sheriff, the action was brought within the statutory time; if not, it was barred by the statute. This court said (124 Minn. 203, 144 N. W. 945):

"* * * The summons and complaint in the case at bar having been delivered to the sheriff * * * within the time prescribed by the statute, the action was commenced within the time limited therefor by the Pennsylvania statute."

It also stated (124 Minn. 203, 144 N. W. 945):

"* * * There is no good reason why what constitutes the commencement of one civil action should not constitute the commencement of another; no good reason why what constitutes the commencement of an action to recover damages for personal injuries should not also constitute the commencement of an action to recover damages for an injury which results in death. And we discover no intention to make a distinction between them as to what shall constitute the commencement of the action."

And in the later case of McCormick v. Robinson, 139 Minn. 483, 487, 167 N. W. 271, 273, in commenting on the Bond case, we stated:

"* * * We gave this statute careful consideration in Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942, and reached the conclusion that where the provisions of the statute were complied with, the action was deemed begun when the summons was delivered to the proper officer for service, not merely for the purpose of avoiding the bar of the statute of limitations, but for all purposes."

See, also, Wagner v. Farmers Co-op. Exch. Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279. We are of the opinion that the statute (§ 541.12) applies to our fact situation and that it has been complied with.

Plaintiff also cites in support of his position Casey v. American Bridge Co. 116 Minn. 461, 134 N. W. 111, 38 L. R. A. (N. S.) 521.

The court was there concerned with certain Oklahoma statutes, and held that under those statutes certain tolling provisions applied to the death-by-wrongful-act statute. As has already been indicated, we have held that the provisions of other statutes of this state suspending the operation of statutes of limitations under certain circumstances are inapplicable to the death-by-wrongful-act statute.

We are of the opinion that the trial court erred in holding that the instant action was not commenced by the delivery of the summons and complaint to the sheriff of Kandiyohi county on April 8, 1948.

Order reversed.