Joyce D. McBRIDE, et al, Respondents,

v.

Charles Robert BITNER, Jr., Appellant.

No. 51854.

Supreme Court of Minnesota.

Oct. 2, 1981.

---

Ochs, Larsen, Klimek & Peterson and Robert Mabel, Minneapolis, for appellant.

James R. Schwebel & Assoc. by Leo Daly, Minneapolis, for respondents.

AMDAHL, Justice.

The question raised by this appeal is whether plaintiffs commenced their action in Hennepin County District Court for damages arising out of an automobile accident, which occurred on June 18, 1974, within the 6-year period provided by Minn.Stat. § 541.-05, subd. 1 (1980).[1] The trial court held that they had done so and denied defendant's motion for dismissal on grounds of lack of jurisdiction, insufficiency of process and insufficiency of service of process.[2] Having concluded that the record does not support the rationale on which the trial court found that the action had been commenced in time, we reverse. We conclude also, however, that the record does not contain sufficient information to determine that issue.

The collision giving rise to the action occurred on a Wright County road. Defendant at that time resided in Annandale in Wright County; he subsequently moved to northern Minnesota and ultimately became a resident of Missouri. Plaintiffs consulted their attorney on April 21, 1980, and on their behalf he prepared a complaint seeking damages for injuries sustained by Mrs. McBride in the 1974 accident. His efforts to serve process on defendant and obtain jurisdiction over him began with delivery of the summons and complaint to the Wright County sheriff on April 29, 1980 for personal service on defendant. On May 12, 1980, the sheriff returned the process, stating that he could not find defendant and that his last known address was Box 161, Mora, Minnesota.

Failure to obtain personal service over defendant led plaintiffs' attorney to hire a "skip tracing" service on May 18, 1980. Based on information furnished by this service, he forwarded the summons and complaint to the sheriff of Aitkin County on May 20, 1980 for service on defendant at McGrath, Minnesota. The sheriff returned the process with the information that defendant had moved. Plaintiffs' attorney was thus faced with the prospect that the action would be barred by Minn.Stat. § 541.05, subd. 1(5) (1980) on June 18, 1980 if the action was not "commenced" by that date. Minn.R.Civ.P. 3.01, dealing with commencement of actions, provides:

A civil action is commenced against each defendant when the summons is served upon him or is delivered to the proper officer for such service; but such delivery shall be ineffectual unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made.

On June 6, 1980, plaintiffs' counsel filed an affidavit with the Hennepin County District Court stating that diligent effort to locate defendant in the state had been unsuccessful and that he did not know his whereabouts. On the basis of this affidavit, he obtained an ex parte order from a judge of that court purporting to authorize service by publication pursuant to Minn.R. Civ.P. 4.04. Publication of the summons was made on June 14, 21, and 28, 1980. On these facts the trial court held that delivery of process to the Wright County sheriff on April 29, 1980 had been delivery to "the

---

1. Minn.Stat. § 541.05, subd. 1 (1980) provides in part:
   Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:

       *     *     *     *     *     *

   (5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract * * *.

2. Although the order is not appealable, we exercise our inherent power of discretionary review because of the importance of the issue to the parties.

proper officer for such service" and, by reason of the first publication within 60 days thereafter, was effectual to commence the action on April 29, 1980.

■ It is clear that delivery to the Wright County sheriff was delivery to a "proper officer" since defendant was, so far as plaintiff knew, still a resident of the county and had actually lived there at the time of the accident in 1974. *See Berghuis v. Korthuis*, 228 Minn. 534, 37 N.W.2d 809 (1949). In that case, as here, the defendant was a resident of the county in which the accident occurred, Kandiyohi County, but subsequently moved out of the state. One year later, four days before expiration of the applicable limitation period, plaintiff brought a wrongful death action against him and, believing that defendant still lived in Kandiyohi County, sent process to the sheriff of that county for personal service. This court held that the sheriff was a "proper officer for such service" within the meaning of Minn.Stat. § 541.12 (1949), which provided:

> An action shall be considered as begun against each defendant when the summons is served on him * * * or is delivered to the proper officer for such service; but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made.

In *Berghuis*, as here, the sheriff made a return of no service. Within 60 days thereafter, however, a constable made personal service on the defendant when he returned to visit his family home. We held that this personal service upon the defendant made the delivery of process to the sheriff effectual to commence the action within the limitation period.

■ In this case, however, we are required to hold that the attempt by plaintiffs' attorney to attain timely commencement of the action through a first publication of the summons within 60 days after its delivery to the Wright County sheriff was ineffective. Minn.R.Civ.P. 4.04 provides:

The summons may be served by three weeks' published notice in any of the cases enumerated hereafter when there shall have been filed with the court the complaint and an affidavit of the plaintiff or his attorney stating the existence of one of such cases, and that he believes the defendant is not a resident of the state, or cannot be found therein, and either that he has mailed a copy of the summons to the defendant at his place of residence or that such residence is not known to him. The service of the summons shall be deemed complete 21 days after the first publication. Personal service of such summons without the state, proved by the affidavit of the person making the same sworn to before a person authorized to administer an oath, shall have the same effect as the published notice herein provided for.

Such service shall be sufficient to confer jurisdiction:

(1) When the defendant is a resident individual having departed from the state with intent to defraud his creditors, or to avoid service, or keeps himself concealed therein with like intent;

(2) When the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment, and

(a) The defendant is a resident individual who has departed from the state, or cannot be found therein, or

(b) The defendant is a nonresident individual, or a foreign corporation, partnership or association;

When quasi in rem jurisdiction has been obtained, a party defending such action thereby submits personally to the jurisdiction of the court. An appearance solely to contest the validity of such quasi in rem jurisdiction is not such a submission.

(3) When the action is for divorce or separate maintenance and the court shall have ordered that service be made by published notice;

(4) When the subject of the action is real or personal property within the state

in or upon which the defendant has or claims a lien or interest, or the relief demanded consists wholly or partly in excluding him from any such interest or lien;

(5) When the action is to foreclose a mortgage or to enforce a lien on real estate.

It is apparent from a reading of the rule that it did not authorize publication merely because plaintiffs' attorney had made diligent but unsuccessful efforts to locate defendant in this state. We cannot reasonably construe Minn.R.Civ.P. 3.01 as providing that a publication unauthorized by rule or statute can have the effect of making the date on which process was delivered to the sheriff the date on which an action is commenced. This conclusion requires that we review the other efforts made by plaintiffs' attorney to commence the action and acquire jurisdiction over the defendant.

On June 9, 1980, plaintiffs' attorney forwarded a copy of the summons and complaint to the sheriff of Madison County, Missouri, pursuant to Minn.Stat. § 543.19 (1980) for personal service on defendant at 801 High Street, Fredericktown, Missouri, an address furnished by the skip tracing service. Section 543.19 provides in part:

Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

\* \* \* \* \* \*

(c) Commits any act in Minnesota causing injury or property damage \* \* \*.

\* \* \* \* \* \*

Subd. 2. The service of process on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

\* \* \* \* \* \*

Subd. 5. Non-resident individual, as used in this section, means any individual, or his personal representative, who is not domiciled or residing in the state when suit is commenced.

The Madison County sheriff returned the summons and complaint to plaintiffs' attorney on June 16, 1980, informing him that defendant lived in Libertyville, St. Francois County, Missouri.

In the meantime, on June 13, 1980, plaintiffs' attorney attempted to commence the action and obtain jurisdiction over the defendant pursuant to Minn.Stat. § 170.55, subd. 1 (1980), which provides in part:

Subdivision 1. The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the State of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administrator, or personal representative growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property \* \* \*. Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him or his executor, administrator, or personal representative which is so served, shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service

shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons.

■ The record is clear that plaintiffs' attorney did not comply with the requirements of this statute. On June 13, 1980, he forwarded a copy of the summons and complaint to defendant at the Fredericktown address, with a letter stating that a copy of the summons and complaint had been "duly filed" with the Commissioner of Public Safety. They were in fact filed with the commissioner on June 16, 1980. At no subsequent time did plaintiffs' attorney comply with the requirement of the statute that he mail to defendant notice of the service upon the Commissioner of Public Safety, a copy of the process, and an affidavit of compliance with the provisions of the statute. Although he argues that he substantially complied with the statute, we held in *Schuett v. Powers*, 288 Minn. 542, 180 N.W.2d 253 (1970), that the statutory requirements are jurisdictional. Consequently, plaintiffs' attempt to utilize this section did not result in valid service upon defendant nor subject him to the jurisdiction of the Minnesota courts.

■ We are, however, unable to determine on this record whether plaintiffs' attempt to serve defendant pursuant to Minn. Stat. § 543.19 (1980) had the effect of commencing the action prior to June 18, 1980. As stated, the Madison County sheriff received a copy of the summons and complaint some time prior to June 16, 1980, at which time he returned them and informed plaintiffs' attorney that defendant lived in Libertyville, St. Francois County, Missouri.

On July 3, 1980, plaintiffs' attorney mailed the summons and complaint to the sheriff of that county, who made personal service on defendant on July 8, 1980 at Farmington, Missouri.[3] Such personal service of defendant made the delivery to the Madison County sheriff—which occurred prior to June 18, 1980—effective to commence the action at that time if that official was "the proper officer for such service" within the meaning of Minn.R.Civ.P. 3.01 when he received such process. Decisions of other courts, based on widely differing statutes or rules of procedure, offer little aid in resolving the question. We hold, consistent with *Berghuis*, that if defendant in fact lived in Madison County, Missouri, at some time after leaving Minnesota, and if plaintiffs' attorney reasonably believed that defendant lived there at the time the process was forwarded to the Madison County sheriff for personal service, the sheriff of that county was then a "proper officer for such service" within the meaning of Minn.R. Civ.P. 3.01. Since the rule contains no requirement that personal service within 60 days of delivery to the "proper officer" be made by him or be made within the county of which he is an officer, the facts that such service was made by another person and in a different county are not significant.

Since the record offers little or no information on the facts we deem determinative, we remand with directions that the court afford both parties the opportunity to furnish evidence on these questions and thereafter determine whether plaintiffs' action was commenced through the delivery of process to the Madison County sheriff prior to June 18, 1980.

Reversed and remanded.

PETERSON, J., took no part in the consideration or decision of this case.

---

**3.** It appears to be uncontradicted that defendant at that time was a resident of Farmington. Thus, delivery of process to the sheriff of St. Francois County was delivery to a "proper offi-

cer" within the meaning of Minn.R.Civ.P. 3.01, but the delivery could have had no effect on the 6-year limitation period.