**Edward J. TIEDEKEN, individually and as Trustee for the heirs and next of kin of Darlene B. Tiedeken, Deceased; and Ernest J. Tiedeken, individually and as personal representative to the Estate of Darlene B. Tiedeken, Deceased, Appellants,**

v.

**Janet TIEDEKEN, Steven LeRoy Harris, et al., Respondents.**

**No. C1–84–1747.**

Court of Appeals of Minnesota.

March 19, 1985.

Terrence M. Dempsey, Somsen, Dempsey & Schack, New Ulm, for appellants.

James R. Olson, Berens, Rodenberg, O'Connor, Olson & Hinnenthal, New Ulm, for Tiedeken.

Kurt D. Johnson, Gislason, Dosland, Hunter & Malecki, New Ulm, Hubert H. Humphrey, III, Atty. Gen., Richard S. Slowes, Asst. Atty. Gen., St. Paul, for Steven LeRoy Harris, et al.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Almost six years after Darlene Tiedeken died from injuries suffered in an automobile accident, this wrongful death action was instituted. Defendants' motion for summary judgment was granted on the ground that the action was barred by the statute of limitations, and plaintiff appealed. We affirm.

## FACTS

Darlene Tiedeken died on October 5, 1977, of injuries she incurred in an automobile accident on August 23, 1977. This action was instituted on August 16, 1983. Minn.Stat. § 573.02 (1976), the Wrongful Death Act, provides for a three year statute of limitations. Had Tiedeken lived, she would have had six years within which to bring a personal injury action.

## ISSUE

Is the limitation period of the Minnesota Wrongful Death Act unconstitutional as a denial of equal protection?

## ANALYSIS

■ Initially, we note that the Wrongful Death Act has been amended since Darlene Tiedeken's death. Minn.Stat. § 573.02 (1982). The statute which governs this action, however, is the statute in effect at the date of her death, which provides only for a limitation period of three years. Minn.Stat. § 573.02 (1976).

■ A wrongful death action is solely a creature of statute. Since it would not exist but for the statute, it can be commenced only as the statute provides. *Beck v. Groe*, 245 Minn. 28, 70 N.W.2d 886 (1955); *Berghuis v. Korthuis*, 228 Minn. 534, 37 N.W.2d 809 (1949).

■ Determination of a reasonable amount of time within which to commence an action is generally a matter for the legislature, not the courts. "[C]ourts will not inquire into the wisdom of the exercise of this discretion by the legislature in fixing the period of legal bar, unless the time allowed is manifestly so short as to amount to a practical denial of justice." *Wichelman v. Messner*, 250 Minn. 88, 108, 83 N.W.2d 800, 817 (1957) *quoting Hill v. Townley*, 45 Minn. 167, 169, 47 N.W. 653, 654 (1891). Three years is not so short a limitation period as to work a denial of justice. In medical malpractice actions, where the cause of action is closer to personal injury than is an action for wrongful death, there is a legislatively imposed statute of limitations of two years. Minn.Stat. § 541.07(1) (1982).

There is a rational purpose for the shorter period of limitations on wrongful death. People who have themselves suffered personal injury, whether bodily or emotionally, may go through a lengthy period of time before the extent of their injuries is calculable. The claimants in a wrongful death action are the survivors set out by statute and their losses arguably are calculable shortly after death.

Appellants argue the three year limitation period for wrongful death claims is a denial of equal protection because personal injury claimants are allowed six years in which to bring an action, and wrongful death claimants are "similarly situated" to personal injury claimants. Treating the two similarly situated classes differently is thus, in appellants' view, a denial of equal protection.

■ Appellants' argument, however, assumes certain parallels with personal injury actions that are not present. A wrongful death claim, unlike a claim for personal injuries, does not include compensation for pain and suffering. *See Eisert v. Greenberg Roofing & Sheet Metal Co.*, 314 N.W.2d 226 (Minn.1982). The recovery for a wrongful death action is to compensate those dependent upon the decedent for the economic harm they suffered. Minn.Stat. § 573.02, subd. 1. The recoveries are

meant to compensate for two different losses.

▇ Further, personal injury claimants and wrongful death claimants are two separate *classes* of claimants. Persons with a cause of action for personal injury are those people who have personally suffered bodily injury. Those entitled to bring a wrongful death action, however, have been hurt, at least insofar as the statute recognizes, by pecuniary loss. Since appellants are not members of the class of people who actually suffered personal injury, they are not constitutionally entitled to the same treatment afforded persons who have suffered personal injury. Since the two classes of claimants are not similarly situated, the different limitations periods do not provide dissimilar treatment to similarly situated persons, and are not a denial of equal protection.

## DECISION

The limitation period contained in the Wrongful Death Act, Minn.Stat. § 573.02, subd. 1 (1976), does not violate equal protection.

Affirmed.