**Robert L. KRAUSE, Appellant,**

v.

**Mark K. KIM, M.D., d.b.a. Mark K. Kim, M.D., P.A., Metropolitan Medical Center, Respondents.**

No. C6–85–989.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Review Denied Feb. 14, 1986.

David J. Thoelke, St. Paul, for Robert L. Krause.

Rebecca Egge Moos, Gregory P. Bulinski, Bassford, Heckt, Lockhart, & Mullin, P.A., Minneapolis, for Mark K. Kim, M.D., d.b.a. Mark K. Kim, M.D., P.A.

Heard, considered and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

This is an appeal from a grant of summary judgment in a medical malpractice case where the trial court held that the statute of limitations had expired. We affirm.

## FACTS

Appellant Robert L. Krause was injured in a car accident in December 1976. He was treated for the resulting pain by respondent, Mark K. Kim, M.D. Dr. Kim administered nerve block and acupuncture procedures. It is undisputed that the date of the last treatment was December 24, 1979. Krause, unassisted by counsel, brought a lawsuit against Dr. Kim, alleging negligence in administering the treatments, misrepresentation, and intentional infliction of emotional distress. The case was consolidated with a separate lawsuit Krause brought against Dr. Lawrence Farber and the Noran Neurological Clinic, P.A. *See Krause v. Farber,* 379 N.W.2d 93 (Minn.Ct.App.1985).

Krause delivered a summons and complaint to the Hennepin County Sheriff's Department for service on December 9, 1981. Dr. Kim resided in that part of Excelsior, Minnesota, which is located in Carver County. The summons and complaint were forwarded to Carver County and were personally served on Dr. Kim on January 15, 1982.

In December 1984 Dr. Kim moved for summary judgment on the grounds that the case was barred by the statute of limitations and that there was no genuine issue as to malpractice. The hearing was held on December 27. No record was made of the hearing, and the parties dispute what transpired. In his statement of the proceedings, submitted to the respondent and the trial court pursuant to Minn.R.Civ. App.P. 110.03, Krause stated that he requested a continuance of the hearing and that Dr. Kim's attorney argued that the statute of limitations barred the action. Dr. Kim objected to Krause's statement of proceedings, stating that no request for a

continuance had been made and that Dr. Kim's attorney did not make an oral argument, relying instead on the written material submitted in support of the motion. Furthermore, Dr. Kim stated that the issue of date of delivery of papers to the sheriff for service was not raised.

On December 28, the day after the hearing, Krause filed "supplemental documents" with the court; those documents include a copy of the process service record received by the Hennepin County Sheriff's Department on December 9, 1981. On January 21, 1985, the trial court granted Dr. Kim's motion for summary judgment. The court's memorandum states that Dr. Kim had been served with the summons and complaint on January 15, 1982.

Krause maintains that the attempt at service on December 9, 1981, was sufficient to toll the statute of limitations. Dr. Kim contends that since the proper procedures had not been followed for introducing post-hearing supplemental documents, the court properly granted summary judgment on the evidence before it. The trial court approved Dr. Kim's objections to Krause's statement of proceedings and went on to say, "These matters were decided on motions for summary judgment, and therefore the basis for the decision * * * is, as it must be, in the file."

## ISSUE

Did the trial court err in granting summary judgment to Dr. Kim?

## ANALYSIS

### I

■ The statute of limitations for commencing an action against a physician is two years. *See* Minn.Stat. § 541.07(1) (1984). The two-year period begins to run on the last day of treatment, which the parties agreed was December 24, 1979. *See Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.,* 291 Minn. 145, 190 N.W.2d 77 (1971). Under the then-current rule, a civil action was commenced when the summons was served upon the defendant or was "delivered to

the proper officer for such service."[1] Minn.R.Civ.P. 3.01. Krause contends that delivery to the Hennepin County Sheriff on December 9, 1981, satisfied that rule, and therefore the action was commenced within the statute of limitations.

The supreme court has interpreted Rule 3.01 to allow delivery to a sheriff in a county other than where the defendant resides. *See McBride v. Bitner,* 310 N.W.2d 558 (Minn.1981); *Berghuis v. Korthuis,* 228 Minn. 534, 37 N.W.2d 809 (1949). In those cases, however, the defendants had at some time resided in the county in which delivery was made. In the present case, there is no evidence that Dr. Kim ever lived in Hennepin County.

Furthermore, Dr. Kim's home address was readily available; in fact, Krause gave it to the Hennepin County sheriff. The name of the county in which the address was located could be easily determined by looking at a map or at post office documents. Finally, the fact that Dr. Kim worked in Hennepin County does not affect our determination because Krause gave the sheriff Dr. Kim's home, not work, address.

In addition, Krause improperly submitted evidence of the delivery, albeit defective, to the trial court. The "supplemental documents" were submitted the day after the hearing. Rule 3.02(c) of the Rules of Court for the Fourth Judicial District provides:

> The Court will not consider any memoranda, documentation or letters submitted after the hearing unless an extended date is allowed by the court at the hearing.

Krause made no motion for a continuance in order to properly supplement the record. The supreme court has affirmed summary judgment based on Rule 3.02(c). *See Dalco Corp. v. Dixon,* 338 N.W.2d 437 (Minn. 1983). We need not rest our decision on this procedural defect because the substantive law regarding the statute of limitations and the service of the summons and complaint clearly support Dr. Kim's position.

It is not disputed that delivery of the summons was made to the Hennepin County sheriff on December 9, 1981. As a matter of law, he was not "the proper officer for such service" under Minn.R. Civ.P. 3.01. Although there is no evidence in the record to show when the summons and complaint was forwarded to the Carver County Sheriff, Krause does not claim that delivery was made before the expiration of the statute of limitations, and personal service was not effected until January 15, 1982.[2] No material facts are in dispute and Dr. Kim is entitled to judgment as a matter of law. *See* Minn.R.Civ.P. 56.03.

### DECISION

The trial court did not err in granting summary judgment to Dr. Kim because delivery of the summons and complaint to the Hennepin County sheriff, when Dr. Kim resided in Carver County, did not commence the action and it was therefore properly barred by the statute of limitations.

Affirmed.

---

1. The rule has been recently amended and now provides that delivery be made "to the sheriff in the county *where the defendant resides.*" (emphasis added) (amendment effective July 1, 1985).

2. Krause also argued that a six-year limitations period applies to his counts based on intentional infliction of emotional distress and misrepresentation. We disagreed with this argument in *Krause v. Farber,* 379 N.W.2d 93 (Minn.Ct.App. 1985) (two-year statute of limitations applies).