Dennis ERICKSON, Respondent,

v.

COAST CATAMARAN
CORPORATION, etc., Appellant,

v.

John H. LIVINGSTON, third-party
defendant, Respondent,

Richard Speeter, Special Administrator of
the Estate of Greg R. Livingston, third-
party defendant, Respondent.

No. C3–87–579.

Supreme Court of Minnesota.

Oct. 23, 1987.

Donna D. Geck, Minneapolis, for appellant.

Richard Speeter, Minneapolis, pro se.

Mark P. Koseiradzki, Minneapolis, for Dennis Erickson.

John H. Livingston, pro se.

YETKA, Justice.

This appeal comes to this court directly from a decision of the Hennepin County District Court in the form of a certified question. Appellant, defendant below, sought to have plaintiff's personal injury action dismissed by way of a motion for summary judgment on the ground of late service of process. The trial court denied the motion, and we affirm.

The relevant facts are not in dispute. The underlying action is a product liability claim based on strict liability. On June 28, 1980, plaintiff Dennis Erickson was injured in a sailboat accident. The sailboat was manufactured by the defendant, Coast Catamaran Corporation.

On June 26, 1984, plaintiff delivered the summons and complaint to the sheriff of Los Angeles County, California, to be served on CT Corporation, defendant's registered agent. The sheriff completed service on CT Corp. on July 2, 1984. Defendant's principal place of business is located in Oceanside, San Diego County, California,

and has never been located in Los Angeles County.

Defendant brought the motion for summary judgment, claiming the action was not commenced within the applicable 4-year statute of limitations. Defendant asserts that plaintiff did not deliver process to the "proper officer" for service according to Minn.R.Civ.P. 3.01 (1984) since defendant did not reside in Los Angeles County.

The trial court denied judgment, finding that, since Minn.R.Civ.P. 4.03(c) permits service on defendant's agent, CT Corporation, who resides in Los Angeles County, delivery to the Los Angeles County Sheriff was delivery to the "proper officer" under Rule 3.01. The court, however, certified the following question as important and doubtful:

> Did defendant comply with the provisions of Minn.R.Civ.P. 3.01 to commence the lawsuit within the applicable statute of limitations by delivering the summons and complaint to the sheriff of the county where defendant's registered agent resides?

The statute of limitations governing strict liability actions is 4 years. Minn. Stat. § 541.05, subd. 2 (1987). Under the then-controlling rule, an action was commenced when the summons was served on each defendant or was "delivered to the proper officer for such service." Minn.R. Civ.P. 3.01 (1984).

The accident which is the basis of the action occurred on June 28, 1980. On June 26, 1984, plaintiff delivered the summons and complaint to the sheriff of Los Angeles County, the residence of CT Corp., defendant's registered agent, for service. The defendant itself, however, resides in San Diego County. The sheriff delivered the summons to the agent on July 2, 1984. Since the statute of limitations expired on June 28, the action was commenced within the applicable statutory period, therefore,

only if delivery to the sheriff of the *agent's* county of residence satisfied Rule 3.01.

This court's previous interpretations of the language of Rule 3.01 make clear that the sheriff of the county where an *individual* defendant resides is the "proper officer" for service of the summons. *See, e.g., McBride v. Bitner*, 310 N.W.2d 558 (Minn. 1981); *Berghuis v. Korthuis*, 228 Minn. 534, 37 N.W.2d 809 (1949).[1] However, the court has not interpreted the language as applied to a *corporate* defendant.

The trial court acknowledged the dearth of authority on the issue, but ruled that, since the defendant could be properly served through its registered agent, the sheriff of the agent's county of residence is a "proper officer" within the meaning of Rule 3.01.

The trial court based its decision on its reading of Rule 3.01 in conjunction with the Minnesota long-arm statute, which governs personal jurisdiction over foreign corporations, and Minn.R.Civ.P. 4.03(c), which governs service of summons on corporations. Both provisions are clearly applicable to the present action, wherein the defendant is a wholly owned subsidiary of Coleman Company, Inc., a California corporation.

Under Minnesota's long-arm statute, personal jurisdiction may be exercised over a foreign corporation in the same manner as if it were a domestic corporation. Minn. Stat. § 543.19, subd. 1 (1987). Service of process on a defendant outside the state is given the same effect as if the summons had been personally served within the state. *Id.*, subd. 2.

Service of summons on both domestic and foreign corporations is governed by Minn.R.Civ.P. 4.03(c), which provides:

> Service of summons within the state shall be made as follows:
>
> &ast;    &ast;    &ast;    &ast;    &ast;    &ast;
>
> **(c) Upon a Corporation.** Upon a domestic or foreign corporation, by delivering a copy to an officer or managing

---

1. In 1985, in fact, Rule 3.01 was amended and now reads, in relevant part: "A civil action is commenced against each defendant: &ast; &ast; &ast; (c) when the summons is delivered to the sheriff in

the *county where the defendant resides for service."* Minn.R.Civ.P. 3.01 (1987) (emphasis added).

agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with. * * *

*Id.* (1987).

The defendant does not dispute the court's jurisdiction assuming, of course, that service was proper. It is undisputed that CT Corp. is a proper agent for service on the defendant. In fact, defendant admits that if the agent had been personally served within the 4–year statutory period, the action would not be barred. There is also no claim that the defendant did not receive reasonable and timely notice of the claim. However, since plaintiff receives the benefit of an additional 60 days beyond the applicable statute of limitations after service to a "proper officer" under Rule 3.01, defendant argues that strict compliance with the rule's requirements is necessary. Minn.R.Civ.P. 3.01 (1984).

Defendant's principal argument is that the only "proper officer" for service on a corporate defendant is the sheriff of the county where the defendant actually resides; that is, where the corporation's principal place of business is located. Under its proposed analysis, the residence of its registered agent is irrelevant for the purpose of Rule 3.01. The defendant argues that neither the prior rule nor the rule as amended contains an exception for service on a corporate defendant. Defendant acknowledges that personal service on a corporation's agent is sufficient to commence an action. However, to receive the benefit of an additional 60 days, defendant argues, service must be made only by the sheriff of the corporation's own county of residence on the corporation itself.

The defendant appears to contend that Rules 3.01 and 4.03(c) should not be read together, at least under these circumstances. Its argument is that the two rules apply to entirely different issues: Rule 3.01 governs *when* an action is commenced while Rule 4.03(c) governs *how* service is to be carried out.

Defendant's argument is based on cases interpreting the language of Rule 3.01 as applied to individual defendants. However, those cases do not adopt such a narrow construction of the rule. In *McBride,* 310 N.W.2d 558, for example, the court held that the sheriff of the county where the defendant had lived at sometime in the past was the "proper officer" under Rule 3.01 if the plaintiff had a reasonable belief that the defendant still lived there at the time process was forwarded to the sheriff. *Id.* at 563. *See also Berghuis v. Korthuis,* 228 Minn. 534, 37 N.W.2d 809 (reaching similar result under Minn.Stat. § 541.12, predecessor to Rule 3.01).

*Krause v. Kim,* 379 N.W.2d 91 (Minn. App.1985), also does not support defendant's position. In *Krause,* the plaintiff delivered the summons to the Hennepin County Sheriff. The defendant, Dr. Kim, worked in Hennepin County; but resided in Carver County. Plaintiff directed the Hennepin County Sheriff to deliver the summons to Dr. Kim's home, not work, address, and the sheriff forwarded the summons to the Carver County Sheriff. The court held that the Hennepin County Sheriff was not the "proper officer" for delivery under Rule 3.01 because Dr. Kim had not then or ever resided in Hennepin County. *Id.* at 93.

In the present case, the plaintiff did not necessarily select the "wrong" sheriff for service. If the agent's residence is determinative, the sheriff of Los Angeles County was a "proper officer" for delivery. The question, whether the *agent's* residence or only the *defendant's* residence is sufficient, is not answered by *Krause.*

We agree with the trial court that Rule 3.01 must be read in conjunction with Minnesota law governing personal jurisdiction and personal service on non-resident corporations. Any manner of service which would be proper on a corporate defendant itself is also proper when utilized to serve its registered agent. We agree that Rule 3.01 provides no exceptions for corporate defendants. However, in our

view, the word "defendant" in Rule 3.01 must be interpreted broadly to apply to both the actual corporate defendant and to any proper agent for service. Defendant, on the other hand, urges the court to adopt a narrow, literal reading of Rule 3.01.

There are several problems with the defendant's proposed construction of Rule 3.01 which are independent of any policy considerations. First, the defendant requests the court to interpret the language "county where the *defendant resides*" literally—at least, as applied to corporate defendants. Neither party has addressed the possible effect this construction could have on the remainder of the rule, which provides that an action is commenced "when the summons is served upon *that defendant.*" Minn.R.Civ.P. 3.01(a) (1987). A plausible corollary to defendant's construction, it appears, would also then be that an action against a corporate defendant is commenced only when the defendant itself is served; service on the agent would be insufficient. Such a construction could not only render personal service on a corporation's agent ineffective to toll the statute of limitations, but would also conflict with Rule 4.03(c)'s express provision for service of a summons on a corporation's agent.

Second, the amendment to Rule 3.01 was intended to clarify that delivery only to a sheriff, rather than a private process server, would be effective to commence the action on the date of delivery. *See* Minn.R. Civ.P. 3.01, Advisory Committee Note— 1985. There is nothing to indicate that the amendment was intended to make a defendant's residence the controlling factor. The court has taken a more liberal view of the rule's requirement, at least regarding the defendant's residence. *See, e.g., McBride,* 310 N.W.2d 558.

We also must consider our interpretation of the language of Rule 3.01 in light of the general purpose of the Minnesota Rules of Civil Procedure. The rules are to "be construed to secure the just, speedy, and inexpensive determination of every action." Minn.R.Civ.P. 1 (1987). The rules "reflect a well-considered policy to discourage technicalities and form * * * [and] should be liberally construed in the interests of justice." *Love v. Anderson,* 240 Minn. 312, 314, 61 N.W.2d 419, 421 (1953). Defendant proposes a technical (albeit literal) construction which limits the manner of service on a corporate defendant and conflicts with Rule 4.03(c), which expands the methods available.

Finally, it is undisputed that CT Corp. is a registered agent for service on the defendant. Defendant does not claim that CT Corp. failed to advise it of the pending action as a result of this manner of service. In considering whether service on the sheriff of the agent's county of residence is sufficient to commence an action against a corporate defendant, the court must consider its prior discussions on the question of when a particular "agent" of a defendant is a proper party for service. The court has limited service on a corporate defendant to persons who are in such a position as to ensure that they would be expected to apprise the corporation of the service and the pendency of the action. *Kopio's, Inc. v. Bridgeman Creameries,* 248 Minn. 348, 355, 79 N.W.2d 921, 926 (1956); *Derrick v. The Drolson Co.,* 244 Minn. 144, 150–51, 69 N.W.2d 124, 129 (1955). The primary concern with allowing an agent to receive service for the corporation has generally been to protect a defendant from any prejudice which could result from a lack of notice. *See, e.g., Nelson v. Glenwood Hills Hospitals, Inc.,* 240 Minn. 505, 511–13, 62 N.W.2d 73, 77 (1953).

■ Such a danger would not appear to exist under the circumstances here where delivery of the summons was made within the statutory period to the sheriff of the county where the defendant's registered agent resides. The defendant has made clear that service on CT Corp. would be proper. When Rule 4.03(c) has been complied with, by service of the summons on a corporation's agent, the summons has been received by the defendant, and the action is properly commenced under Rule 3.01. Nothing in the Rules tends to require a different result when the summons is delivered to the sheriff of the agent's county of residence rather than to the agent.

We thus affirm the trial court and answer the certified question in the affirmative.