**Douglas CHIZMADIA, Plaintiff,**

v.

**SMILEY'S POINT CLINIC, Dr. Mark L. Norman, Dr. Mark L. Norman, III, Dr. D. Hamilton, Dr. D. DeGear, Dr. R. Woodworth, and Dr. P. Sletten, Defendants.**

**No. Civ. 4–86–942.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 12, 1989.

Joanne Mary Schuler, Plymouth, Minn., for plaintiff.

William M. Hart, Minneapolis, Minn., for defendant Smiley's Point Clinic.

Rebecca Egge Moos, and Mark D. Mattson, Bassford, Heckt, Lockhart, Truesdell & Briggs, Minneapolis, Minn., for defendants Dr. Mark L. Norman and Dr. Mark L. Norman, III.

Kathryn H. Davis, Lommen, Nelson, Cole & Stageberg, Minneapolis, Minn., for defendants Dr. D. Hamilton, Dr. D. DeGear, Dr. R. Woodworth, and Dr. P. Sletten.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Douglas Chizmadia brought this medical malpractice action against defendants Smiley's Point Clinic, Dr. Mark L. Norman, Dr. Mark L. Norman, III, Dr. D. Hamilton, Dr. D. DeGear, Dr. R. Woodworth, and Dr. P. Sletten. Diversity jurisdiction is alleged. Now before the court are motions by defendants for summary judgment.

Chizmadia is a resident of New York. In October 1984, while attending Augsburg College in Minnesota, Chizmadia sought treatment from Smiley's Point Clinic (the Clinic) and its affiliated physicians, Hamilton, DeGear, Woodworth, and Sletten, for pain in his right eye. On October 31, 1989, Chizmadia was referred to ophthalmologists Norman and Norman, III, for further treatment.

Chizmadia returned to New York in late December where he sought help from other physicians. Between December 20 and 26, 1984, it was determined that Chizmadia had a detached retina and surgery was performed. The surgery was unsuccessful, and Chizmadia is now blind in his right eye.

Chizmadia brought pro se actions in state court and in this court in December 1986. He alleges that defendants negligently failed to diagnose his problem and that their negligence greatly increased the injuries he suffered. Defendants moved for dismissal and for summary judgment in both cases. They contended that Chizmadia failed to provide affidavits of expert review required by Minn.Stat. § 145.682 and that the actions are time barred. The motions were granted in both this court and the state court on November 13, 1987 for failure to comply with § 145.682. Neither court reached the statute of limitations issue. Chizmadia appealed from both decisions.

The state court decision was affirmed on August 30, 1988. *Chizmadia v. Smiley's Point Clinic*, 428 N.W.2d 459 (Minn.Ct. App.), *review denied*, C5-88-478 (Minn. Oct. 26, 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2109, 104 L.Ed.2d 669 (1989). The Minnesota Court of Appeals held that Chizmadia failed to meet the requirements of § 145.682. *Id.* at 461. It further addressed the statute of limitations question and held that Chizmadia's action was time barred. *Id.* at 461–62.

On May 8, 1989, the Eighth Circuit reversed the decision of this court. *Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163 (8th Cir.1989). It remanded the case and ordered this court to determine whether an expert opinion is required in this instance and, if so, to determine whether § 145.682 violates Chizmadia's constitutional rights. *Id.* at 1165–66.

Defendants have moved for summary judgment and each argues that the action is time barred.[1] The Clinic and the Doctors Norman also argue that this action is barred under res judicata principles by the state trial court judgment.

### Res Judicata

The Clinic and the Doctors Norman argue that the judgment entered by the Minnesota District Court on December 1, 1987 should have res judicata effect here. They note that a federal court must give a state court judgment the same effect it would be given under Minnesota law. *Paulucci v. City of Duluth*, 826 F.2d 780, 784 (8th Cir.1987). The Clinic and the Doc-

---

1. Three motions were filed. The defendants made their motions and argued in three groups: (1) The Clinic; (2) Norman and Norman, III; and (3) Hamilton, DeGear, Woodworth, and Sletten.

tors Norman state that, under Minnesota law:

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984). They argue that the state trial court's entry of judgment dismissing Chizmadia's identical action was a judgment on the merits and requires dismissal of this action.

Chizmadia responds that this court's judgment, entered on November 16, 1987, should have had res judicata effect in the state court action and that the state court judgment, entered December 1, 1987, is "dead."

■ Chizmadia is correct that the Minnesota Court of Appeals could have, and perhaps should have, affirmed the trial court's judgment based on the res judicata effect of this court's prior judgment.[2] Chizmadia is also correct that the state trial court judgment did not have preclusive effect in this case when the Eighth Circuit considered it. Once this court's judgment was reversed, however, it lost its preclusive effect. *Simpson v. Motorists Mut. Ins. Co.,* 494 F.2d 850, 854 (7th Cir.), *cert. denied,* 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974); 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.416[2], at 517 (2d ed. 1988). At that time, the state court's December 1, 1987 judgment became a prior judgment for purposes of this action, and it now meets the requirements of Minnesota's res judicata doctrine. Res judicata applies even in these unusual circumstances where application of the doctrine would give effect to a judgment which is inconsistent with the Eighth Circuit's holding. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398–402, 101 S.Ct. 2424, 2428–2430, 69 L.Ed.2d

103 (1981); *Reed v. Allen,* 286 U.S. 191, 199–201, 52 S.Ct. 532, 533–534, 76 L.Ed. 1054 (1932); *Deposit Bank v. Board of Councilmen,* 191 U.S. 499, 520, 24 S.Ct. 154, 161, 48 L.Ed. 276 (1903).

■ Chizmadia offers an alternative response to the res judicata argument. He asserts that, regardless of the applicability of the res judicata doctrine, the Eighth Circuit's mandate is controlling in this instance. Chizmadia notes that the Eighth Circuit was privy to the holdings in the state court action. He suggests the Eighth Circuit remanded the case with the intent and expectation that its holding would be controlling on the issue of his compliance with Minn.Stat. § 145.682. The Clinic and the Doctors Norman did not address this point.

This court is bound by the mandate of the Eighth Circuit. On remand, this court must implement both the spirit and the letter of the mandate from the Court of Appeals. *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir.1985); *Span–Deck, Inc. v. Fabcon, Inc.,* 570 F.Supp. 81, 88–89 (D.Minn.1983). All matters encompassed by the appellate decision are beyond this court's power to alter. *Houghton v. McDonnell Douglas Corp.,* 627 F.2d 858, 865 (8th Cir.1980); *see also* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[10] (2d ed. 1988) (noting broad preclusion of mandate rule in relation to ordinary law of the case doctrine); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 792–94 (1981).

The mandate in this case precludes dismissal on res judicata grounds. This court and the state trial court both dismissed Chizmadia's claim based on his failure to provide an expert affidavit pursuant to Minn.Stat. § 145.682. The Eighth Circuit reversed the holding in this case and ordered the court to determine whether an expert affidavit was required under all the circumstances. The Eighth Circuit was

---

2. State courts are to honor federal court judgments and to give them res judicata effect. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4468 (1981). This

court's judgment was final for purposes of res judicata even though an appeal was pending. *E.g., Performance Plus Fund, Ltd. v. Winfield & Co.,* 443 F.Supp. 1188, 1189–90 (N.D.Cal.1977).

aware of the state court decision and implicitly rejected it. The mandate is not so narrow as to permit dismissal of the action based on a state court holding which is nearly identical to the one which the Eighth Circuit reversed. Rather, the spirit of the mandate requires that the litigation should move forward beyond the issue of Chizmadia's failure to provide an expert affidavit. Accordingly, under the rule of mandate, the doctrine of res judicata is inapplicable in this instance.

### Statute of Limitations

This court is free on remand to consider issues not expressly or implicitly disposed of by the Eighth Circuit. *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979). Defendants' arguments that this action is time barred should therefore be considered.

A two year statute of limitations, Minn. Stat. § 541.07(1), applies to this action. The parties dispute both when the cause of action accrued and when the action was commenced.

■ Chizmadia argues that, under Fed. R.Civ.P. 3, a federal action is commenced at the time the complaint is filed. In this diversity action, however, Minnesota law controls when the action is commenced. *Sieg v. Karnes,* 693 F.2d 803, 804–05 (8th Cir.1982). Accordingly, the controlling provision is Minn.R.Civ.P. 3.01 which provides:

A civil action is commenced against each defendant:

    (a) when the summons is served upon that defendant, or

    (b) at the date of acknowledgement of service if service is made by mail, or

    (c) when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made.

Defendants contend that, since they were served by mail, this action was commenced under Rule 3.01(b) between December 23, 1986 and January 8, 1987 when they signed the Acknowledgements of Receipt of Summons and Complaint.

The action more appropriately should be considered to have been commenced pursuant to Rule 3.01(c). Federal law governs the service of process in this case. *See Gulley v. Mayo Found.,* 886 F.2d 161, 164 (8th Cir.1989). Chizmadia effected service pursuant to Fed.R.Civ.P. 4(c)(2)(B)(i) by delivering the summons and complaint to the United States Marshal in the District of Minnesota on December 18, 1986.[3] Delivery to the Marshal's office in this federal action is the equivalent of delivery to the sheriff in a state action. *Cf. Gold v. Jeep Corp.,* 579 F.Supp. 256, 258 (E.D.N.Y.1984) (service upon clerk of federal court equivalent to service upon sheriff or county clerk).[4] The Minnesota courts have previously given effect to service which is equivalent to that required by Rule 3.01. *E.g., Erickson v. Coast Catamaran Corp.,* 414 N.W.2d 180, 182–83 (Minn.1987); *McBride v. Bitner,* 310 N.W.2d 558, 561 (Minn.1981). This action was therefore commenced on December 18, 1986 when delivery was made to the United States Marshal.[5]

■ Minnesota law also determines when the cause of action accrued. An action for medical malpractice accrues at the time the health care provider's treatment of the patient for the particular condition ceases. *Grondahl v. Bulluck,* 318 N.W.2d 240, 243 (Minn.1982). Three factors which should be considered in determining when treatment ceases are: (1) whether there is

---

3. The Process Receipt and Return forms were date-stamped by the Marshal's office on this day.

4. Although the Marshal's office served the summons and complaint on each defendant by mail, Chizmadia had no control over the means of service the Marshal's Office chose to use.

5. The Doctors Norman also rely on a statement by the Eighth Circuit that, "[u]nder Minnesota law ... a lawsuit is commenced when service of process is effected upon the defendant." *Gulley v. Mayo Found.,* 886 F.2d at 164. The defendants have taken the Eighth Circuit's statement in *Gulley* out of context, however. Rule 3.01(c) clearly permits an action to be commenced before service is actually effected on a defendant. *See, e.g., Erickson v. Coast Catamaran Corp.,* 414 N.W.2d 180 (Minn.1987).

a relationship between the physician and patient with regard to the illness; (2) whether the physician is attending and examining the patient; and (3) whether there is something more to be done. *Schmit v. Esser,* 183 Minn. 354, 358–59, 236 N.W. 622, 625 (1931).

The Doctors Norman contend that their treatment of Chizmadia ended on December 19, 1984, the last day on which they saw him. The action was commenced less than two years after that date and is therefore timely as to them.

The Clinic and Doctors Hamilton, De-Gear, Woodworth, and Sletten argue that their treatment of Chizmadia ended on October 31, 1984, when they referred him to the Doctors Norman. Chizmadia responds that his relationship with the Clinic and its physicians regarding his eye continued at least until December 21, 1984 when his detached retina was diagnosed in New York. Chizmadia states that he believed he was referred to the Normans for a second opinion and that the Clinic remained his primary care facility.

Questions of fact remain as to when treatment of Chizmadia's eye problem by the Clinic and its physicians ceased. There was more to be done until his detached retina was diagnosed. Chizmadia maintained a relationship with the Clinic for two years after the diagnosis regarding other health needs. The Clinic's referral does not necessarily indicate that its role regarding the eye had ended.

Defendants also argue that Chizmadia is collaterally estopped from claiming that his cause of action accrued later than October 31, 1984. They note that the Minnesota Court of Appeals held Chizmadia's cause of action accrued on October 31, 1984. *Chizmadia,* 428 N.W.2d at 461.

Collateral estoppel may be applied where:

(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 74 (D.Minn.1979). Chizmadia suggests that the second and fourth elements of collateral estoppel were not met in this case. He asserts that the comments of the Minnesota Court of Appeals on this issue should be treated as dicta. He states that the court was prohibited from ruling on the statute of limitations issue because the trial court had not reached that issue. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988); *Rehberger v. Project Plumbing Co.,* 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973). Chizmadia also contends that the Minnesota Court of Appeals did not provide him a fair opportunity to be heard on the statute of limitations issue. He states that no transcript of the proceedings before the trial court was produced and that this prevented him from fully presenting his evidence.

Collateral estoppel should not bar Chizmadia from arguing that the statute of limitations was complied with in this action. The state trial court did not reach the issue, and a full record was not available to the Minnesota Court of Appeals. It appears that Chizmadia was not given a full opportunity to be heard on this issue in the state court action.[6] Under these unusual circumstances, collateral estoppel should not be applied. Chizmadia's action therefore should not be dismissed for failure to comply with the statute of limitations. Defendants' motions for summary judgment should be denied.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motions of the defendants for summary judgment are denied.

---

**6.** The Minnesota Court of Appeals held that all of the defendants' treatment of Chizmadia ended on October 31, 1984. The Doctors Norman, however, did not see him until after that time, and they do not contend that Chizmadia's cause of action against them accrued until December 19, 1984.