MILLBAUGH, APPELLEE, v. GILMORE, EXRX., APPELLANT.

[Cite as Millbaugh v. Gilmore (1972), 30 Ohio St. 2d 319.]

(No. 71-715—Decided June 28, 1972.)

320

*Messrs. Moore, Moore & Primm, Mr. James D. Primm, Jr.,* and *Messrs. Riddle, Riddle & Brown,* for appellee.

*Messrs. Pfau, Comstock & Springer* and *Mr. William E. Pfau, Jr.,* for appellant.

O'NEILL, C. J. In *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 267 N. E. 2d 419, this court, following *Gillette* v. *Tucker* (1902), 67 Ohio St. 106, 65 N. E. 865; *Bowers* v. *Santee* (1919), 99 Ohio St. 361, 124 N. E. 238; and *DeLong* v. *Campbell* (1952), 157 Ohio St. 22, 104 N. E. 2d 177, held that:

"Under R. C. 2305.11, a cause of action for medical malpractice accrues, at the latest, when the physician-patient relationship finally terminates."

The Court of Appeals, in reversing the judgment of the trial court in the instant cause, stated in its opinion:

"* * * under the facts in this case * * * reasonable minds could reasonably reach different conclusions, or draw

different inferences upon the issue of the termination of the physician-patient relationship; therefore, the issue as to whether the physician-patient relationship had terminated more than one year prior to the filing of the petition for medical malpractice in this case was properly submitted to the jury * * *.''

The determinative question in this cause is whether, under the facts presented, reasonable minds could reach different conclusions on the issue of termination of the physician-patient relationship.

The record reveals that plaintiff's last contact with Dr. Gilmore occurred on March 27, 1959. Although plaintiff was scheduled to see Dr. Gilmore on April 27, 1959, he did not do so, nor did he see him as a patient thereafter. Thus, by necessary implication the physician-patient relationship here was terminated not later than April 27, 1959. Therefore, the action, which was commenced on June 5, 1961, more than two years after termination of the physician-patient relationship, was barred by the provisions of R. C. 2305.11.

Plaintiff rests his case entirely upon the premise that the taking of medicine prescribed by his physician during the physician-patient relationship but obtained by the patient securing a refill of the prescription after the termination of that relationship, without the knowledge of the physician, continues the physician-patient relationship indefinitely, specifically from April 27, 1959, until June 9, 1960, at which time the patient consulted another physician. During the period from March 27, 1959, until June 9, 1960, the plaintiff never saw his physician as a patient and claims that the only contact upon which he relies for continuing the physician-patient relationship was the securing of medicine by having the prescription refilled and taking that medicine. It is not claimed that the physician had any knowledge that the patient was having the prescription refilled and was taking the medicine.

In view of plaintiff's conduct which terminated the physician-patient relationship, the taking of the medicine prescribed by Dr. Gilmore after that termination did not

constitute a continuing course of treatment. The taking of the medicine in such an unsupervised manner neither afforded Dr. Gilmore an opportunity to correct any errors on his part, nor provided a basis for the full treatment contemplated in a physician-patient relationship. Although, as plaintiff states in his brief, he was "acting under Dr. Gilmore's advice" in taking the medicine, he was, by his own conduct, no longer Dr. Gilmore's patient at that time.

Inasmuch as this court has determined that the taking of the medicine in the circumstances here did not constitute a physician-patient relationship, reasonable minds, on the other facts presented, could come to but one conclusion. That conclusion being adverse to the plaintiff, the trial court acted properly in granting defendant's motion for judgment notwithstanding the verdict. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 189 N. E. 246.

From the foregoing, this court concludes that the refusal of a patient to submit to further treatment by a physician terminates, by necessary implication, the physician-patient relationship. The patient's taking of medicine, prescribed by the physician during the physician-patient relationship but obtained by the patient securing a refill of the prescription, without the knowledge of the physician, after the termination of the physician-patient relationship, does not constitute a continuing course of treatment which will prevent the running of the statute of limitation for malpractice from the date of final termination of the physician-patient relationship.

*Judgment reversed.*

Schneider, Herbert, Stern and Leach, JJ., concur.
Corrigan and Brown, JJ., dissent.

Corrigan, J., dissenting. I dissent from the judgment of the majority in this case for the reasons stated in my dissenting opinion in *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164.

Brown, J., concurs in the foregoing dissenting opinion.