**Robert L. KRAUSE, Appellant,**

v.

**Lawrence A. FARBER, M.D., et al., Respondents.**

**No. C2–85–990.**

Court of Appeals of Minnesota.

Dec. 17, 1985.

Review Denied Feb. 14, 1986.

---

David J. Thoelke, St. Paul, for appellant.

R.D. Blanchard, Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondents.

Heard, considered and decided by CRIPPEN, P.J., and HUSPENI, and LANSING, JJ.

## OPINION

LANSING, Judge.

Appellant Robert L. Krause challenges a summary judgment granted respondents, Dr. Lawrence Farber and the Noran Neurological Clinic, P.A. The trial court ruled that Krause's action was barred by the two-year statute of limitations applicable to medical malpractice actions. We affirm.

## FACTS

Krause commenced this action by service of a summons and complaint on November

8, 1982. Krause alleged in his pro se complaint that the respondents had rendered negligent medical treatment. He also alleged misrepresentation and intentional infliction of emotional distress on the part of Dr. Farber. The nature of the misrepresentations, and the conduct of Dr. Farber that allegedly caused Krause emotional distress, are not apparent from Krause's complaint or from the record furnished to this court. Krause also brought a separate action against Dr. Mark Kim, an acupuncturist to whom Dr. Farber referred Krause, and the Metropolitan Medical Center (MMC). *See Krause v. Kim,* 379 N.W.2d 91 (Minn.Ct.App.1985).

Dr. Farber began treating Krause on February 23, 1978, for a neurological condition arising out of a 1976 auto accident. Dr. Farber also agreed to provide expert testimony in Krause's lawsuit arising out of the accident. Krause saw Dr. Farber on several occasions in 1978, 1979, and the first half of 1980. Dr. Farber's medical records show that he last saw Krause on July 10, 1980. Krause acknowledged in his deposition that this visit was for the purpose of preparing for the personal injury suit and involved no examination or treatment. The next entry in Dr. Farber's records is for October 31, 1980, the date that he was deposed in connection with the personal injury suit. Krause did not attend Dr. Farber's deposition.

Krause claims that at the July 10, 1980, office visit, Dr. Farber told him to return in six months, after the lawsuit had been "squared away." This subsequent visit, which would have been in January 1981, never took place. Krause says that he did not return because on November 10, 1980, on the basis of what he had read in Dr. Farber's deposition transcript, he concluded that Dr. Farber had committed the acts alleged in Krause's complaint. He terminated the physician/patient relationship "then and there."

In December 1984 Dr. Farber served Krause with a motion for summary judgment. The motion was heard on December 27, 1984, together with motions in the companion case involving Dr. Kim and MMC. The trial court granted the motions of Dr. Farber and Dr. Kim on the grounds that the action was barred by the two-year statute of limitations for medical malpractice actions, and ultimately granted the motion of MMC on the grounds that Krause failed to identify an expert witness he would call at trial.

The summary judgment hearing was not recorded, and the parties dispute what transpired at the hearing. Both parties subsequently submitted statements of the proceedings pursuant to Minn.R.Civ.App. P. 110.03. The trial court approved Dr. Farber's statement and expressly declined to approve Krause's statement.

## ISSUES

1. Was there a genuine issue of material fact as to when defendant's treatment of the plaintiff ceased?

2. Did the trial court err in dismissing plaintiff's entire complaint on the basis of the two-year statute of limitations for medical malpractice actions?

## ANALYSIS

### I

A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and affidavits "show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn.R.Civ.P. 56.03. This court on appeal must view the evidence in the light most favorable to the party against whom the motion was granted. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 65 N.W.2d 641 (1954).

The statute of limitations for medical malpractice actions in Minnesota is two years. Minn.Stat. § 541.01, .07(1) (1984). The cause of action accrues, and the statutory period begins to run, when the physician's treatment for the particular condition ceases. *Johnson v. Winthrop Laboratories Division of Sterling Drug,*

*Inc.*, 291 Minn. 145, 190 N.W.2d 77 (1971). Where there are disputed questions of material fact as to when treatment ceased and whether the action is barred by the statute of limitations, those questions are for the jury. *Grondahl v. Bulluck*, 318 N.W.2d 240, 243 (Minn.1982); *Schmit v. Esser*, 183 Minn. 354, 359, 236 N.W. 622, 625 (1931). On appeal from a grant of summary judgment, the issue is whether a jury could reasonably have concluded that treatment did not cease more than two years before the commencement of the action. *Giles v. Sanford Memorial Hospital*, 371 N.W.2d 635, 636 (Minn.Ct.App.1985).

Three factors are considered in determining when treatment ceases: (1) whether there is a relationship between physician and patient with regard to the illness; (2) whether the physician is attending and examining the patient; and (3) whether there is something more to be done. *Grondahl*, 318 N.W.2d at 243 (citing *Schmit*, 183 Minn. at 358–59, 236 N.W. at 625). There need not be a formal discharge of the physician or a formal termination of his employment. "If there is nothing more to be done by the physician as to the particular injury or malady which he was employed to treat or if he ceases to attend the patient therefor, the treatment ordinarily ceases without any formality." *Schmit*, 183 Minn. at 359, 236 N.W. at 625. Two separate policies underlie the rule that the statute begins to run when treatment terminates: "the practical difficulty in determining the precise time of the act or acts of treatment" and the "need for confidence in the physician during a course of treatment." *Murray v. Fox*, 300 Minn. 373, 377, 220 N.W.2d 356, 359 (1974).

There is no dispute that Krause was not treated or examined by Dr. Farber after July 1980. The issue is whether Dr. Farber's alleged instruction to Krause to return in six months could have led a jury reasonably to conclude that treatment of Krause had not ceased as of November 1980—two years before commencement of this action.

In *Murray* the plaintiff kept two appointments with the defendant but failed to return for a third scheduled appointment. The supreme court affirmed the trial court's finding that treatment ceased on the date of the second appointment, the last visit that plaintiff made to defendant. 300 Minn. at 378, 220 N.W.2d at 359. As the supreme court noted in a later case, the plaintiff in *Murray* was appealing from an order granting a directed verdict after having had the opportunity to present evidence to the court. *Grondahl v. Bulluck*, 318 N.W.2d 240, 244 (Minn.1982). Krause is appealing from an entry of summary judgment. Nonetheless, it is unnecessary in this case to remand for further evidence or a jury determination on the issue of when treatment ceased, because even viewing the evidence in the light most favorable to the appellant, Krause's allegations are not sufficient to raise a genuine fact issue as to continuing treatment.

In *Murray* the evidence established that the plaintiff failed to return for a regularly scheduled appointment. The supreme court held that this did not constitute sufficient proof of continuing treatment to toll the statute until the date of the missed appointment. 300 Minn. at 378, 220 N.W.2d at 359. Here, Krause does not allege that there was a regularly scheduled appointment at a future time. He merely alleges that Dr. Farber told him to schedule an appointment in six months. Krause admitted that he never made the appointment. Even viewing the facts in the light most favorable to appellant, we hold that, as a matter of law, this does not constitute sufficient proof of continuing treatment for a particular condition to toll the statute. *See also Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982) (patient's subjective intent to return to the defendants for further treatment was not sufficient to reverse a finding that treatment had ceased).

## II

Krause argues on appeal that counts two and three of his complaint are not governed by the two-year statute of limitations for

medical malpractice. Counts two and three allege, respectively, misrepresentation and intentional infliction of emotional distress. Krause argues that these claims are governed by the six-year statute of limitations provided in Minn.Stat. § 541.05, subd. 1 (1984), which states:

> Subdivision 1. Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:
>
> \*    \*    \*    \*    \*    \*
>
> (5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, *and not hereinafter enumerated.*

*Id.* (emphasis supplied).

■ Misrepresentation, as it is pleaded in Krause's complaint, and intentional infliction of emotional distress are intentional torts resulting in injury to the person. Such claims are subject to the same two-year statute of limitations which governs claims in medical malpractice. Minn.Stat. § 541.07 (1984) provides:

> Except where the uniform commercial code or this section otherwise prescribes, the following actions shall be commenced within two years:
>
> (1) For libel, slander, assault, battery, false imprisonment, *or other tort*, resulting in personal injury \* \* \*.

*Id.* (emphasis supplied). *See generally Wild v. Rarig*, 302 Minn. 419, 442–51, 234 N.W.2d 775, 790–95 (1975) (discussion of applicability of two-year versus six-year statutes of limitations).

The statute of limitations on these two claims began to run on the date of the tortious act or acts. Although Krause's complaint does not clearly describe the conduct of Dr. Farber which led to these claims, it is clear from the record provided to this court that any tortious conduct must have occurred prior to July 10, 1980, the date of Krause's last office visit to Dr. Farber. These claims are therefore barred by the applicable two-year statute of limitations.

The trial court's dismissal of the claims against Dr. Farber and Dr. Kim was based solely on the statute of limitations issue. In its memorandum accompanying the order granting summary judgment, the court noted that the claim against MMC was not barred by the statute, but ordered that unless Krause identified his expert witness or answered the expert interrogatories within 20 days of the order, his cause of action would be dismissed with prejudice. Krause did not identify his expert or answer the interrogatories, and the court dismissed his complaint with prejudice. Dr. Farber argues that the trial court's dismissal of the action against him is also independently supportable on these grounds. Because we affirm the trial court's ruling on the basis of the statute of limitations issue, however, we do not reach the issue of Krause's failure to name an expert.

## DECISION

The trial court's ruling that plaintiff's claim is barred by the two-year statute of limitations for medical malpractice actions is affirmed. The trial court's dismissal of plaintiff's causes of action for misrepresentation and intentional infliction of emotional distress is affirmed. These claims are subject to the two-year statute of limitations provided by Minn.Stat. § 541.-07(1)(1984).

Affirmed.