**Brigitte CIARDELLI, Appellant,**

v.

**Donald Bradley RINDAL, D.D.S., et al., Respondents.**

No. C6–97–173.

Court of Appeals of Minnesota.

July 8, 1997.

Timothy P. McCarthy, Jeffrey D. Bores, Becky L. Erickson, Chestnut & Brooks, P.A., Minneapolis, for Appellant.

Gregory P. Bulinski, Charles E. Lundberg, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Respondents.

Considered and decided by CRIPPEN, P.J., and HUSPENI and WILLIS, JJ.

## OPINION

WILLIS, Judge.

Appellant Brigitte Ciardelli challenges the district court's grant of summary judgment to respondents on the ground that Ciardelli's dental malpractice action is barred by the statute of limitations, arguing that her dentist's renewal of her prescription was part of a continuing course of treatment. We reverse and remand the case for trial.

## FACTS

Ciardelli became a patient of respondent Dr. Donald Bradley Rindal in 1986. Rindal has been associated since 1977 with respondent Health Partners and its predecessor, Group Health. When she first visited Rindal, Ciardelli exhibited "advanced internal derangement of [her] right TMJ [temporomandibular joint], including clicking and locking of [her] jaw and pain." Rindal treated Ciardelli's symptoms conservatively, with physical therapy, Motrin, and orthotic splints. He discussed the option of surgery with Ciardelli in 1986 and again in 1992, but he did not recommend it. On December 8, 1993, Rindal renewed Ciardelli's Motrin pre-

scription, authorizing one refill, in response to a telephone request.

On December 4, 1995, Ciardelli served a summons and complaint on respondents, alleging dental malpractice claims against Rindal and related claims against Health Partners. The district court found that the prescription refill did not constitute continuing treatment and that Ciardelli's claims were barred by the statute of limitations because her suit was initiated more than two years after her last visit to Rindal's office.

## ISSUES

1. Did the district court err in concluding that Ciardelli's claims were barred by the statute of limitations?

2. Should respondents' motion to strike portions of appellant's brief be granted?

## ANALYSIS

### 1. Statute of Limitations

In reviewing a grant of summary judgment, this court determines (1) whether any genuine issues of material fact exist and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

The statute of limitations for dental and medical malpractice actions is two years. Minn.Stat. §§ 541.01, 541.07(1) (1996). The statutory period begins to run when the "treatment for the particular condition ceases." *Krause v. Farber,* 379 N.W.2d 93, 95 (Minn.App.1985), *review denied* (Minn. Feb. 14, 1986). If there are disputed questions of material fact regarding when treatment ceased and whether the action is barred by the statute of limitations, summary judgment is not appropriate. *Id.* at 96. In determining when treatment ends, three factors are considered:

(1) whether there is a relationship between physician and patient with regard to the illness; (2) whether the physician is

attending and examining the patient; and (3) whether there is something more to be done.

*Id.*

In certain cases, the single act exception to the termination of treatment rule applies. *Haberle v. Buchwald,* 480 N.W.2d 351, 355 (Minn.App.1992), *review denied* (Minn. Aug. 4, 1992). For the single act exception to apply, there must be a

single act of negligence, which is complete at a precise time, which no continued course of treatment can either cure or relieve, and the plaintiff must actually be aware of the facts upon which the claim is based.

*Id.* Respondents argue that the single act exception applies here because Ciardelli's expert's affidavit states that she should have had surgery as early as 1986 or 1987. We disagree. Because Ciardelli alleges that Rindal continuously failed over a period of six years to treat her condition properly, the single act exception does not apply. *See Fabio,* 504 N.W.2d at 762 (stating that statute of limitations is "extended when a doctor's negligence is part of a continuing course of treatment, such as when a doctor consistently fails to properly treat a fracture").

Ciardelli argues that because Rindal's renewal of her prescription for Motrin was part of a continuing course of treatment, the district court erred in concluding the statute of limitations expired two years after her last visit to Rindal's office. In determining that treatment ended on the date of Rindal's last in-office examination of Ciardelli, the district court relied on *Krause* and on *Murray v. Fox,* 300 Minn. 373, 220 N.W.2d 356 (1974), which both held that treatment was terminated on the date of the patient's last visit to the doctor's office. In *Krause,* the court found that an unheeded instruction from the doctor to return in six months did not toll the statute of limitations for that six-month period. 379 N.W.2d at 96. In *Murray,* the court found that scheduling, but not attending, an appointment with the doctor did not toll the statute of limitations. 300 Minn. at 378, 220 N.W.2d at 359. Neither of those cases involved the renewal of a prescription.

■ Respondents argue that *Millbaugh v. Gilmore*, 30 Ohio St.2d 319, 285 N.E.2d 19 (1972), stands for the proposition that treatment is terminated no later than the date of the last in-office appointment, even if the patient continues to take medicine prescribed by the doctor. In that case, however, the court did not establish a per se rule regarding when treatment ends, but merely concluded that the statute of limitations was not extended by a patient's act of obtaining a prescription refill "without the knowledge of the physician." *Id.* at 21. *Millbaugh* is distinguishable from this case because Rindal expressly authorized the prescription renewal, and Ciardelli took the medicine with Rindal's knowledge. Further, in this case the question is whether a prescription renewal tolls the statute of limitations, not, as in *Millbaugh*, whether a patient's taking prescription medicine tolls the statute.

Respondents cite *Rowntree v. Hunsucker*, 833 S.W.2d 103 (Tex.1992), for the proposition that a prescription renewal does not constitute a continuing course of treatment for statute of limitations purposes. In that case, the plaintiff sued her doctor for failure to diagnose a condition and alleged that the fact that she was taking medicine prescribed by her doctor for an unrelated condition tolled the statute of limitations. *Id.* at 106. The court concluded that because the plaintiff did not come to the doctor for regular examinations or other services, "[a] single instance of prescription renewal does not demonstrate sufficient involvement by the physician to constitute a continuing course of treatment." *Id.* at 108. The court held that because it was the doctor's last chance to diagnose the condition properly, the date of the plaintiff's last visit to the doctor was the date on which the statute of limitations began to run.[1] *Id.*

In *Rowntree*, the prescription renewal was for a condition unrelated to the alleged negligent failure to diagnose. Here, the prescription renewal was part of a continuing course of treatment for the condition that Ciardelli alleges Rindal negligently treated. We hold, therefore, that the statute of limitations did not expire until two years after the date Rindal renewed Ciardelli's prescription.

## 2. Motion to Strike

■ Respondents move to strike portions of the appendix to appellant's brief to this court and all references in the brief to those portions of the appendix, arguing that they are not part of the record on appeal. The record on appeal comprises "[t]he papers filed in the trial court, the exhibits, and the transcripts of the proceedings, if any." Minn. R. Civ.App. P. 110.01. Matters outside the record on appeal may not be considered by an appellate court and must be stricken. *Mitterhauser v. Mitterhauser*, 399 N.W.2d 664, 667 (Minn.App.1987).

Respondents argue that a word index, a deposition exhibit, and portions of deposition transcripts that were appended to Ciardelli's brief to this court were not before the district court. Ciardelli responds that she submitted the depositions and medical and pharmaceutical records to the district court with her brief opposing summary judgment. The record shows that Ciardelli submitted only certain deposition pages and did not submit any of the materials objected to by respondents. Because those materials are not part of the record on appeal, we grant respondents' motion to strike.

### DECISION

The statute of limitations period did not expire before Ciardelli initiated this lawsuit. The district court's grant of summary judgment to respondents is reversed, and the case is remanded for trial.

**Reversed and remanded.**

---

1. The court emphasized that the last examination of a patient would not always be the triggering event for the statute of limitations in medical malpractice suits. *Rowntree*, 833 S.W.2d at 105.