OPINION
The appellants/plaintiffs, Jacqueline Carpenter and Bruce Carpenter, appeal the judgment of the Allen County Court of Common Pleas, finding for the appellee/defendant, Dr. Marilyn Kindig ("Dr. Kindig" or "the appellee"). For the following reasons, we affirm the judgment of the trial court.
In January 1999, the appellant, Jacqueline Carpenter ("Mrs. Carpenter"), visited Dr. Kindig complaining of severe abdominal discomfort. Initially, Dr. Kindig diagnosed Mrs. Carpenter with possible endometriosis, with a differential diagnosis of appendicitis. Subsequently, Mrs. Carpenter experienced increasing discomfort and, upon Dr. Kindig's recommendation, she visited and was admitted to Lima Memorial Hospital on February 1, 1999. The following day, Mrs. Carpenter underwent surgery for a perforated appendix. The appellant's post-operative diagnosis was perforated appendicitis and right tubo-ovarian abscess.
The appellants filed suit against Dr. Kindig and various defendants on March 13, 2000. All other defendants were eventually dismissed from the case. In response to the complaint, Dr. Kindig asserted a statute of limitations defense and filed a motion for summary judgment. The trial court denied the motion, and the case was submitted to a jury trial on August 6, 2001. Pursuant to the trial court's order, the case went forward on the limited issue of statute of limitations, specifically, when the physician-patient relationship between the parties terminated. The jury found for Dr. Kindig on that issue.
The appellants now appeal, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in excluding evidence which supported the appellants' claim that their action was timely filed in accordance with R.C. 2305.11(A) and limiting the issue to be tried to when the physician-patient relationship terminated.
The appellants assert that the trial court committed error by limiting the trial to the issue of when the physician-patient relationship terminated and, consequently, excluding certain evidence. We disagree with the appellants.
The statute of limitations for bringing a medical malpractice action in Ohio is one year.[1] The Ohio Supreme Court set forth a two-prong analysis to determine whether a plaintiff's action was brought within this time limit:
 Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the one-year statute of limitation commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later.[2]
The trial court in the instant case ruled prior to trial that, as a matter of law, the date when Mrs. Carpenter discovered her injury was February 2, 1999, the date on which surgery revealed the appellee's misdiagnosis. Because this date clearly violated the statute of limitations, only evidence regarding termination of the physician-patient relationship was admitted at trial. The appellants contend, however, that the date of discovery was not February 2, 1999, but rather one of two other dates, both of which fall within the statute of limitations.
A patient "discovers" or "should have discovered" his or her injury upon the happening of a "cognizable event." A "cognizable event" is one
 which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies.[3]
The patient need not be aware of the extent of the injury in order for the "cognizable event" to occur.[4] Rather, a patient's belief, due to the harm she has suffered, that her medical professional has erred suffices to notify the patient of the necessity to investigate and pursue her remedies.[5]
Mrs. Carpenter was made aware of the appellee's misdiagnosis on February 2, 1999, when surgery revealed that she suffered from appendicitis and a tubo-ovarian abscess, rather than from endometriosis. As a matter of law, she either realized or should have realized at that time that the condition of which she complained — persistent severe abdominal pain, was related to the appellee's misdiagnosis.
The appellants correctly note that there was no mention in February of the conditions of peritonitis or abdominal wall abscess, two conditions which Mrs. Carpenter later developed. They attempt to compare this situation to the one in Allenius, arguing that in that case the "cognizable event" was held to be the test that revealed that plaintiff's cancer had become "more extensive." Thus, according to the appellants, the "cognizable event" in the instant case was when Mrs. Carpenter became aware of the extensive nature of the infectious process; i.e.; the peritonitis and the abdominal wall abscess.
The appellants misinterpret Allenius. In that case, the appellant underwent several pap tests. The Ohio Supreme Court held that one of the earlier tests could not be considered the "cognizable event" because its results were inconclusive for the existence of cancer. In this case, on the other hand, the surgery which Mrs. Carpenter underwent on February 2, 1999 showed conclusively that she did not suffer from endometriosis. Thus, the surgery and resultant diagnosis were sufficient to put the appellants on notice that a malpractice may have occurred.
The appellants also attempt to argue that the "condition of which Mrs. Carpenter complains" was not abdominal pain due to the appellee's failure to diagnose appendicitis but, rather, the peritonitis and the abdominal wall abscess. This claim is belied by the appellants' own reply to the appellee's motion for summary judgment. Therein, they clearly alleged that "Defendant Marilyn Kindig failed to diagnose Plaintiff Jacqueline Carpenter's appendicitis * * *," notwithstanding the fact that "Ms. Carpenter complained of the classic signs of appendicitis; lower abdominal pain with hot flashes." Later in the same reply, the appellants clearly state that the extensive infectious process (peritonitis and the abdominal wall abscess) was the result of the appellee's failure to diagnose appendicitis. It is disingenuous at best for the appellants to argue in one breath that they are entitled to damages because these infections resulted from the appellee's initial misdiagnosis, of which they were made aware on February 2, 1999, and in another to claim that they are the original conditions of which Mrs. Carpenter complained. The appellants cannot have it both ways.
We hold, as a matter of law, that Mrs. Carpenter was aware or should have been aware on February 2, 1999 that her persistent abdominal pain could have been the result of the appellee's misdiagnosis. It is immaterial that she was not fully aware of the extent of her injury at that time. Had she filed within a year from that date, it is possible that she would have recovered damages for the infections that she alleges resulted from the initial misdiagnosis.
Accordingly, the appellants' first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in its instructions to the jury on the issue of termination of the physician-patient relationship because the instructions were contrary to the law of Millbaugh v. Gilmore (1972), 30 Ohio St.2d 319, at Syllabus 1.
The appellants assert that the trial court erred to their prejudice in its instructions to the jury regarding the determination of the date when the physician-patient relationship ended. Based on the following, we disagree with the appellants.
With regards to the issue of when the physician-patient relationship between Mrs. Carpenter and the appellee terminated, the trial court instructed the jury as follows:
 * * * [A] physician-patient relationship terminates when a patient last receives any treatment from the physician for the condition at issue or any other evidence of a continuing relationship for the condition at issue. The existence of a follow-up appointment that is not kept by a patient is not sufficient in and of itself to establish an ongoing physician-patient relationship.
The appellants contend that the trial court should have instructed the jury that "the physician-patient relationship is finally terminated no later than the day of the appointment which the patient failed to keep."[6]
Initially, we note that the giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion.[7]
Thus, when reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case.[8] An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[9]
In the instant case, the appellants never offered any proposed jury instructions prior to trial. The trial judge's instructions to the jury were based on this Court's holding in Grandillo v. Montesclaros[10] and correctly interpreted our holding therein. Moreover, the Milbaugh
decision, which the appellants would have the trial court follow, does not mandate that the date of termination of a physician-patient relationship is the day of an appointment which the patient failed to keep. Rather, it only states that the relationship terminates no later
than that date. The trial court's instruction did not preclude altogether the jury from considering the significance of Mrs. Carpenter's follow-up appointment with the appellee. Therefore, we cannot find an abuse of discretion.
Accordingly, the appellants' second assignment of error is not well-taken and is hereby denied.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J. concurs in judgment only.
WALTERS, J., concur.
[1] R.C. 2305.11(A).
[2] Oliver v. Kaiser Community Health Fund. (1983), 5 Ohio St.3d 111, paragraph one of the syllabus.
[3] Allenius v. Thomas (1989), 42 Ohio St.3d 131, syllabus.
[4] Id. at 133-34.
[5] Id. at 134, quoting Graham v. Hansen (1982), 128 Cal.App.3d 965,973.
[6] Wells v. Johenning (8th Dist. 1989), 63 Ohio App.3d 364, 367-8, citing, Millbaugh v. Gilmore (1972), 30 Ohio St.2d 319, paragraph one of the syllabus.
[7] State v. Martens (1993), 90 Ohio App.3d 338, 343.
[8] State v. Wolons (1989), 44 Ohio St.3d 64, 68.
[9] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[10] (2000), 137 Ohio App.3d 691.