DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant Kathy Allison, the Administratrix of the Estate of Louise P. Oppelt, appeals the Pike County Court of Common Pleas judgment granting summary judgment in favor of Defendant-Appellee Dr. Alberto Leon. Allison argues that the trial court improperly found that the statute of limitations for wrongful death and medical negligence began to run upon the date of decedent's death, rather than the date she discovered the cognizable event leading to the claim. Because Appellant failed to meet her reciprocal burden of proof to defeat the summary judgment motion, we disagree. Accordingly, we affirm the trial court's judgment.
 I. {¶ 2} On November 17, 2001, the decedent, Louise Oppelt, was involved in an automobile accident and suffered personal injuries. The Pike Community Hospital treated the decedent's injuries. On December 26, 2001, the decedent died, allegedly due to medical malpractice.
 {¶ 3} On November 18, 2002, Appellant filed a complaint for wrongful death and medical negligence against Pike Community Hospital and Dr. David Roddy. Then, on March 19, 2004, as part of discovery, Appellant's expert witness, Dr. Ronald Taylor submitted to a deposition. Dr. Taylor testified that he recently discovered another potentially culpable physician, Appellee Dr. Leon. Appellant filed a motion for leave to file an amended complaint, to which she attached an uncertified and unsworn copy of Dr. Taylor's deposition. On May 6, 2004, Appellant filed an amended complaint, which named Appellee and his employer, Premier Health Care Systems ("Premier"), as defendants.
 {¶ 4} Appellee and Premier filed a motion for summary judgment. In the accompanying memorandum, they argued that the statute of limitations barred Appellant's claims. Appellant filed a memorandum contra, in which she argued that the statute of limitations did not begin to toll until she discovered the wrongdoers, and thus does not bar her claims. Finally, Appellant argued that the statute of limitations only begins to toll upon the date of death when the decedent's death occurs during treatment, or immediately thereafter.
 {¶ 5} The trial court granted the defendants' motion for summary judgment. In its judgment entry, the trial court found that Appellant brought two claims, both with different applicable statutes of limitations. First, Appellant's action from wrongful death carries a two-year statute of limitations from the date of decedent's death. Second, Appellant's medical negligence action carried a one year statute of limitations from either: (1) the termination of the doctor/patient relationship; or (2) the cognizable event, whichever occurs later. The trial court then found that the date of decedent's death was the cognizable event triggering the statutory periods for both claims. Therefore, Appellant's wrongful death action was time-barred as of December26, 2003; and her medical negligence claim was time-barred as of December 26, 2002. Appellant filed a timely appeal.
 II. {¶ 6} A trial court may grant a motion for summary judgment if it finds the following factors were established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56; Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. Because summary judgment involves a question of law, our review is de novo. We afford no deference to the trial court's decision to grant or deny the motion. Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412.
 {¶ 7} The party requesting summary judgment bears the burden of proving that no genuine issue of material fact exists.Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. The moving party bears this burden even on issues that the non-moving party bears the burden of proof on at trial. Id. Once the moving party presents evidence supporting the motion, the non-moving party bears a reciprocal burden of presenting rebuttal evidence. Brownv. Fairmont Homes, Inc. (June 28, 1999), Highland App. No. 700.
 {¶ 8} In general, the moving party is not required to produce any affirmative evidence negating the non-moving party's claims.Dresher, supra, at 292-292; Civ.R. 56(A)-(B). Nonetheless, the moving party still bears the initial burden of proof, and to meet that burden the movant must identify portions of the record that demonstrate an absence of a genuine issue of material fact.Dresher at 292. Generally, the only manner in which to meet this burden is to present at least some of the evidentiary materials listed in Civ.R. 56(C). Id. at 292-293. As mentioned above, once the moving party meets this burden, the non-moving party bears a reciprocal burden to set forth evidence that a genuine issue of material fact exists. Id. at 293; Civ.R. 56(E).
 {¶ 9} Appellant argues that the trial court erred when it found that the statutes of limitations barred her two claims for relief. Specifically, Appellant contends that the trial court improperly determined that the date of decedent's death acted as the cognizable event triggering the statutory period. Instead, she asserts that the statutory period did not begin to toll until she discovered Appellee as a potential wrongdoer. As proof of the date of discovery, she attached a transcript of Dr. Taylor's deposition to her appellate brief. Finally, Appellant tenuously argues that she could not reasonably have discovered Appellee's identity as a potential wrongdoer until the deposition because he works as a radiologist, thus making his errors difficult to identify.
 {¶ 10} Appellant argues that she had a one-year period in which to file her claim, which was triggered by her discovering the wrongdoer. Appellee argues that Appellant benefited from a two-year statutory period. However, neither party directly challenges the trial court's finding that a two-year statutory period applies to the wrongful death cause of action, while a one-year statutory period applies to the medical negligence cause of action. Therefore, we decline to address the trial court's finding regarding the applicable statutes of limitations and proceed with that finding intact.
 {¶ 11} We note that Appellant fails to argue that Appellee did not meet his burden of proof as the moving party. Instead, Appellant asserts that she met her reciprocal burden of proof by showing that the statute of limitations defense was invalid. Therefore, we focus our analysis only on whether Appellant met her reciprocal burden of proof.
 {¶ 12} Appellant argues that the trial court improperly found that the decedent's death triggered the statutes of limitations applicable to her causes of action. Instead, Appellant urges this court to apply the discovery rule and find that the statutory period did not begin to toll until she discovered Appellee's potential culpability. She attached a copy of Dr. Taylor's deposition to her brief as proof that she did not discover Appellee's negligence until that deposition date. However, the record only contains an uncertified and unsworn copy of Dr. Taylor's deposition. And, that copy is attached to Appellant's motion for leave to file an amended complaint, but not referenced in her memorandum contra to Appellee's motion for summary judgment.
 {¶ 13} Civ. R. 56(C) directs the court to consider only "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." "When the opposing party fails to object to the admissibility of the evidence under Civ. R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate." Worthington dba S.E.W.Maintenance v. Speedway SuperAmerica LLC, Scioto App. No. 04CA2938, 2004-Ohio-5077, citing Bowmer v. Dettelbach (1996),109 Ohio App.3d 680, 684, 672 N.E.2d 1081; Rinehart v. W. LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 214, 219,621 N.E.2d 1365; Boydston v. Norfolk S. Corp. (1991),73 Ohio App.3d 727, 731, 598 N.E.2d 171. fn. 2; Ohio City Orthopedics,Inc. v. Medical Billing and Receivables, Inc., Cuyahoga App. No. 81930, 2003-Ohio-1881 (when opposing party did not object to moving party's attaching of non-filed deposition transcripts, appellate court would consider such evidence); Freshour v.Radcliff (July 20, 1993), Ross. App. No. 1941.
 {¶ 14} Because Appellee did not object to the Appellant's reliance upon Dr. Taylor's unfiled and unsworn deposition testimony in the court below, we will consider the evidence. A review of Dr. Taylor's testimony identifies the following key factors: 1) on March 19, 2004 Dr. Taylor indicated to Appellant's counsel that Dr. Leon "might be a culpable doctor in the case;" 2) that when Dr. Taylor was first asked to review the case by Appellant's counsel, he was asked specifically to "look at Dr. Roddy's care;" and 3) that Dr. Leon was an ER physician.[1]
 {¶ 15} In her brief, Appellant argues that "no reasonable person could ever suspect a secondary care physician to be liable without the aid of expert testimony," and that "[i]t is beyond the scope of a potential plaintiff to ever think that an x-ray may have been the cause." However, it appears that Dr. Leon is an Emergency Room physician, not a radiologist, thus, he is a primary care provider, much like Dr. Roddy, and not a secondary care provider as initially advanced by Appellant. Therefore, we are not persuaded by Appellant's arguments that she could not have known that Dr. Leon may have some culpability at the time Dr. Roddy was named in the initial complaint.
 {¶ 16} We commend Appellant in her desire not to file a frivolous, unfounded lawsuit, without sufficient evidence to support a claim. However, Dr. Taylor's testimony suggests that a broader, initial review would have identified problems with the care provided by Dr. Leon. As such, we agree with the trial court's reasoning that Appellant's claim is time-barred, even applying the discovery rule.
 {¶ 17} The Supreme Court of Ohio, in Akers v. Alonzo,65 Ohio St.3d 422, 425, 1992-Ohio-66, 605 N.E.2d 1, noted, after reviewing the controlling precedents, "that a cause of action for medical malpractice accrues and the R.C. 2305.11 limitations period begins to run either (1) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship for the condition terminates, whichever occurs later." Citing Oliver v. Kaiser CommunityHealth Found. (1983), 5 Ohio St.3d 111, 449 N.E.2d 438, syllabus; Frysinger v. Leech (1987), 32 Ohio St.3d 38,512 N.E.2d 337, paragraph one of the syllabus.
 {¶ 18} The Court further commented as follows: "InHershberger[2] and Allenius,[3] supra, we set forth and clarified an analysis to determine the accrual date for a medical malpractice claim, wherein the occurrence of a `cognizable event' will trigger the running of the statute of limitations. In Allenius, supra, 42 Ohio St.3d at 134,538 N.E.2d at 96, we noted that a `cognizable event' is `some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment ordiagnosis has taken place.' (Emphasis added). See, also, Herrv. Robinson Mem. Hosp. (1990), 49 Ohio St.3d 6, 550 N.E.2d 159. More recently, in Flowers,[4] supra, this court held in the syllabus that `* * * [t]he occurrence of a "cognizable event" imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." Akersv. Alonzo, 65 Ohio St.3d at 425.
 {¶ 19} In light of the foregoing, we find that the "cognizable event," for purposes of triggering the statute, was the date of decedent's death, not the date Appellant discovered the potential culpability of Dr. Leon. Under the discovery rule, Appellant had a duty to determine whether the death of the decedent was the proximate result of malpractice and, if so, ascertain the identity of any tortfeasors. In this case, Appellant clearly suspicioned malpractice to be the proximate cause of decedent's death. Therefore, Appellant had a duty to identify all tortfeasors, including Dr. Leon, at that point.
 {¶ 20} Despite our consideration of Dr. Taylor's deposition testimony, we find that Appellant failed to meet her reciprocal burden of proof. The evidence presented to the trial court supported Appellee's motion for summary judgment and invocation of a statute of limitations defense.
 {¶ 21} However, as an intermediate appellate court we welcome further scrutiny and review by the Ohio Supreme Court in this area of law as more guidance and refinement may be warranted by the facts and circumstances presented herein.
 {¶ 22} Considering the evidence in a light most favorable to Appellant, we find that the trial court properly granted the motion for summary judgment. Accordingly, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
[1] Appellant, in her Appellate brief, places much emphasis on the fact that because Dr. Leon was a radiologist and therefore a secondary provider, that she could not reasonably have been expected to suspect Leon's culpability in the present case. Appellant, however, via memorandum of correction to this court on March 14, 2005, clarified that Dr. Leon is, in fact, an emergency room physician, not a radiologist.
[2] Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1,516 N.E.2d 204.
[3] Allenius v. Thomas (1989), 42 Ohio St.3d 131,538 N.E.2d 1284.
[4] Flowers v. Walker (1992), 63 Ohio St.3d 546,589 N.E.2d 1284.