Hoover, P.J.
{¶ 1} Plaintiff-appellant, Amber Taylor ("Appellant"), appeals from a decision by the Highland Court of Common Pleas, which granted a motion for summary judgment filed by Defendant-appellee, Rajiv R. Patel, M.D. ("Appellee"). The trial court found that Appellant had failed to send her notice of claim letter within the statute of limitations for medical malpractice. Appellant alleges that the statute of limitations did not begin to run until after Appellant received a cervical biopsy and was diagnosed with cervical cancer on July 16, 2015. Conversely, Appellee alleges that the statute of limitations began to run at the latest on March 4, 2015, the date the patient-physician relationship between Appellant and Appellee was terminated.
{¶ 2} Upon review, we find that the statute of limitation began to run on the date Appellant cancelled the follow-up appointment with Appellee, which occurred no later than March 4, 2015, and constitutes the point at which the physician-patient relationship was terminated. Additionally, we find that Appellant failed to file the notice of claim letter and her complaint within the statute of limitations. Consequently, R.C. 2305.113(A) barred Appellant's medical malpractice claim, and Appellee was entitled to judgment as a matter of law.
{¶ 3} Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.
I. Facts and Procedural History
{¶ 4} On November 10, 2014, Appellant visited her primary care physician, Richard D. Mizer, M.D. ("Dr. Mizer"), after experiencing abdominal pain and abnormal bleeding for over a year. Dr. Mizer ordered an ultrasound of Appellant's pelvis and performed a Papanicolaou smear ("Pap smear"), an exam that uses cells collected from the cervix to check for abnormalities indicative of cervical cancer. According to Appellant, Dr. Mizer called her that weekend, on or about November 15, 2014, to discuss the results. Dr. Mizer informed Appellant that she had a cyst on her right ovary and that her Pap smear results were abnormal. Specifically, the Pap smear had detected "HGSIL," or "high grade squamous intraepithelial lesion" (also referred to as "HSIL"). Appellant testified in her deposition that Dr. Mizer told her that she had cervical cancer. Thereafter, Dr. Mizer referred Appellant to Appellee, Rajiv. R. Patel, M.D., an obstetrician/gynecologist, to treat both conditions.
{¶ 5} Appellant visited Appellee's office on December 3, 2014. Prior to that appointment, Appellee received a copy of Appellant's medical records from Dr. Mizer's office, including her recent ultrasound and Pap smear results. According to Appellant, she and Appellee spoke about "the bleeding, *805 the abnormal Pap, possibly cervical cancer, the cyst, [and] the pain[.]"[1] However, Appellee's records reflect that the consultation only covered Appellant's "chronic pelvic pain, ovarian cyst, polycystic ovaries, [and] dyspareunia [.]" Appellee testified that he believed Dr. Mizer was managing Appellant's abnormal Pap smear. After discussing treatment options, Appellee prescribed oral contraceptives for Appellant's abdominal pain and abnormal bleeding and scheduled a follow-up appointment for March 4, 2015.
{¶ 6} Appellant cancelled the March 4, 2015 appointment due to inclement weather and never saw Appellee for a follow-up. Instead, Appellant sought an appointment with Dr. Mizer to get a second opinion. According to her testimony, Appellant wanted "[t]o get something other than birth control done." However, Appellant was unable to schedule an appointment with Dr. Mizer.
{¶ 7} Because she continued to suffer from abnormal bleeding, Appellant sought care at the Ohio State University Wexner Medical Center in July 2015. Appellant told the hospital personnel that she was diagnosed with cervical cancer, and thereafter, Appellant was scheduled for a cervical biopsy on July 16, 2015. The biopsy revealed "[i]nvasive, moderately differentiated squamous cell carcinoma," or cervical cancer. Appellant was then referred to Larry Copeland, M.D., a gynecologic oncologist, who performed a Type II radical hysterectomy, bilateral salpingectomy, and bilateral oophorectomy. Following that surgery, Appellant underwent adjuvant chemotherapy and radiation therapy at Dr. Copeland's recommendation.
{¶ 8} On June 17, 2016, Appellant sent Appellee a notice of claim letter. Thereafter, Appellant filed a complaint in Highland County Court of Common Pleas on December 9, 2016, naming Appellee as a defendant. Appellant alleged that Appellee deviated from the appropriate and acceptable standards of medical care and was negligent in his failure to diagnose and treat her cervical cancer in a timely manner.
{¶ 9} On September 21, 2017, Appellee filed a motion for summary judgment, in which he alleged that Appellant failed to bring the complaint within the relevant statute of limitations. The trial court found that the one-year statute of limitations began to run on December 3, 2014, the date Appellant visited Appellee's office, and expired on December 3, 2015. According to the trial court, the statute of limitations was not extended by one hundred and eighty days because Appellant failed to send the notice of claim letter until June 17, 2016. Since Appellant did not file her complaint until December 9, 2016, the trial court found the statute of limitations barred her claim, which entitled Appellee to judgment as a matter of law. Accordingly, the trial court granted Appellee's motion for summary judgment.
{¶ 10} Appellant now timely appeals the trial court's decision.
II. Assignment of Error
{¶ 11} On appeal, Appellant presents a sole assignment of error for our review: Assignment of Error:
The trial court erred to the prejudice of Plaintiff in granting Defendant Patel's motion for summary judgment under the facts and circumstances in the action, by ruling as a matter of law that *806 the statute of limitations for medical claims set forth in R.C. 2305.113 had expired prior to the mailing of a notice of claim letter to said Defendant pursuant to R.C. 2305.113(B)(1).
III. Law and Analysis
{¶ 12} An appellate court reviews an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996) ; Portsmouth Ins. Agency v. Medical Mut. of Ohio , 188 Ohio App.3d 111, 2009-Ohio-941, 934 N.E.2d 940, ¶ 14. Accordingly, appellate courts must independently review the record to determine if summary judgment is appropriate. See Brown v. Scioto Bd. of Commrs. , 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (1993) ; Morehead v. Conley , 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786 (1991). To determine whether a trial court properly granted summary judgment, an appellate court must review both the Civ. R. 56 standard for granting a motion for summary judgment and the applicable law.
{¶ 13} Civ. R. 56 provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant summary judgment unless the evidentiary materials demonstrate that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. See Zivich v. Mentor Soccer Club , 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), citing Harton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
{¶ 14} Generally, a claimant must commence an action upon a medical, dental, optometric, or chiropractic claim within one year after the cause of action accrued. R.C. 2305.113(A). However, if the claimant provides written notice to the subject of the claim, in accordance with R.C. 2305.113(B)(1), and does so prior to the expiration of the one-year period, then the action may be commenced against the notified person at any time within one hundred and eighty days after the notice is given. Pursuant to this section, a cause of action for medical malpractice does not accrue until either: (1) the patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury; or (2) the physician-patient relationship for the condition terminates, whichever occurs later. Allison v. Pike Cmty. Hosp. , 4th Dist. Pike No. 05CA734, 2006-Ohio-1390, 2006 WL 751571, at ¶ 17, citing Akers v. Alonzo , 65 Ohio St.3d 422, 425, 605 N.E.2d 1 (1992).
{¶ 15} Under the discovery rule, the occurrence of a "cognizable event," or "some noteworthy event * * * which does *807 or should alert a reasonable person-patient that an improper medical procedure, treatment, or diagnosis has taken place," triggers the running of the statute of limitations. Allenius v. Thomas , 42 Ohio St.3d 131, 134, 538 N.E.2d 93 (1989). See Flowers v. Walker , 63 Ohio St.3d 546, 548, 589 N.E.2d 1284 (1992), citing Hershberger v. Akron City Hosp. , 34 Ohio St.3d 1, 516 N.E.2d 204 (1987), at paragraph one of the syllabus. Additionally, the patient is not required to be aware of the full extent of the injury before there is a cognizable event. Allenius at 134, 538 N.E.2d 93. Otherwise, the cause of action begins to accrue when the physician-patient relationship ends, which occurs when the patient refuses further treatment from the physician or at the point in which "either party takes affirmative steps to terminate the relationship." Wells v. Johenning , 63 Ohio App.3d 364, 367, 578 N.E.2d 878 (8th Dist. 1989). See Millbaugh v. Gilmore , 30 Ohio St.2d 319, 321, 285 N.E.2d 19 (1972).
{¶ 16} Here, we are asked to determine whether a genuine issue of fact exists as to when the cognizable event occurred. See Greene v. Marchyn , 4th Dist. Scioto No. 97CA2484, 1997 WL 394481, at *5, citing Evans v. S. Ohio Med. Ctr. , 103 Ohio App.3d 250, 256, 659 N.E.2d 326 (1995). The issue is whether the cognizable event that did or should have alerted Appellant that Appellee provided improper medical treatment occurred (1) when Appellant terminated the physician-patient relationship with Appellee, which occurred no later than March 4, 2015; or (2) when Dr. Copeland diagnosed Appellant with cervical cancer on July 16, 2015. After applying the case law to the particular facts of this case and construing them in a light most favorable to Appellant, we find that no genuine issue of fact exists as to when the cognizable event occurred.
{¶ 17} According to Appellant's deposition, Dr. Mizer told Appellant that she had cervical cancer. However, Appellee testified in his deposition that it is unusual for a Pap smear to give a definitive diagnosis of cervical cancer. Indeed, the results from Appellant's Pap smear only state that HGSIL was detected. However, Dr. Mizer also informed Appellant of the likely course of treatment for her condition. Appellant testified that Dr. Mizer told her "it would just be a matter of * * * probably scraping [her] cervix." Consequently, Appellant was or should have been alerted that Appellee provided improper medical treatment when he failed to perform this treatment or otherwise counsel Appellant as to her abnormal Pap smear.
{¶ 18} In light of the foregoing, we find that the one year statute of limitations began to run on the date Appellant cancelled the follow-up appointment with Appellee, which occurred no later than March 4, 2015, and constitutes the point at which the physician-patient relationship was terminated. Therefore, the statute of limitations expired no later than March 4, 2016, three months before Appellant sent the notice of claim letter to Appellee on June 17, 2016 and nine months before Appellant filed her complaint on December 9, 2016. Consequently, the statute of limitations under R.C. 2305.113(A) barred Appellant's medical malpractice claim; and Appellee was entitled to judgment as a matter of law.
IV. Conclusion
{¶ 19} Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion

Later in the deposition, Appellant states that she and Appellee did discuss her "abnormal Pap[ ] and the cervical cancer [.]" Appellee could not recall the consultation. However, Appellee believes, based on his records, that he reviewed the abnormal Pap smear results with Appellant but "didn't go into any detail[.]"